Leonard Mitchell McCOLLUM,
Appellant,

v.

MT. ARARAT BAPTIST CHURCH,
INC., et al., Appellees.

No. 14–98–00026–CV

Court of Appeals of Texas,
Houston [14th Dist.].

Nov. 19, 1998.

Leonard M. McCollum, Huntsville, for appellant.

Ameal Jones, Houston, for appellees.

Before Chief Justice MURPHY and Justices HUDSON and DRAUGHN.*

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, Leonard M. McCollum, a prison inmate, brought suit against Mt. Ararat Baptist Church, Inc., Mt. Ararat Academy, Inc, and Mt. Ararat Child Development Center, Inc., alleging a single business enterprise and breach of contract. The trial court dismissed the suit as frivolous, pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon Supp.1998). On appeal, McCollum contends the trial court (1) abused its discretion by dismissing the suit as frivolous and (2) erred by failing to enter a default judgment in favor of appellant. We affirm.

* Senior Justice Joe Draughn sitting by assignment.

In his petition, McCollum alleged that in June 1995, he executed a written contract with Mt. Ararat Baptist Church. Pursuant to the contract, McCollum was to provide consulting services to Mt. Ararat in their development of a Christian school and education center. McCollum was to perform the services for a period of five years and was to receive an annual salary for his work. McCollum contends that Ameal Jones, the pastor of the church, and Alton Smith, the president of the Mt. Ararat Academy, both signed the contract. A copy of the contract was attached to McCollum's petition, but the exhibit shows it was signed by neither Jones nor Smith.

Mt. Ararat did not file an answer in the lawsuit, and McCollum filed a motion for default judgment. At the default judgment hearing, Jones appeared for the first time in the case. After hearing statements from both McCollum and Jones, the trial court dismissed the case, finding McCollum's suit to be frivolous.

In his first point of error, McCollum contends the trial court abused its discretion in dismissing his case. The legislature has provided that a trial court may dismiss any frivolous or malicious claim brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay." TEX CIV. PRAC. & REM.CODE ANN. § 14.001 (Vernon 1996); see also TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b) (Vernon 1996). In determining whether a claim is frivolous or malicious, the court may consider a number of factors, one of which is whether the "claim's realistic chance of ultimate success is slight." Id. at § 14.003(b).

The dismissal of a cause of action under chapter fourteen is reviewed under an abuse of discretion standard. See Hickson v. Moya, 926 S.W.2d 397 (Tex.App.-Waco 1996, no pet.). To establish an abuse of discretion, the complaining party must show the trial court's action was arbitrary or unreasonable in light of all of the circumstances in the case. See Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex.1984). Stated dif-

ferently, abuse of discretion is determined by examining whether the court acted without reference to any guiding principles. *See Hickson,* 926 S.W.2d at 398.

■ McCollum contends the trial court had no authority to dismiss his case because all the essentials for the formation of a viable contract were present. Thus, he claims the trial court could not have reasonably concluded his suit had little chance of success. The record, however, supports the trial court's conclusion. The "contract" upon which the suit is based is signed only by McCollum. At the hearing on the motion to dismiss, McCollum testified that he was unable to procure the original contract, which he alleges contained the signatures of Jones and Smith. Jones testified that neither he, nor anyone with authority at Mt. Ararat, had ever signed the alleged contract. McCollum never produced a copy of the contract signed by Jones or Smith.

It is well settled that a contract which is not to be performed within one year cannot be enforced unless it is in writing and signed by the party to be charged with the agreement. *See* TEX. BUS. & COM.CODE ANN. § 26.01 (Vernon 1987). Here, the agreement provided the contractual relationship was to endure for five years. Thus, even if an agreement existed, it was unenforceable because it was never reduced to writing and signed by a party representing Mt. Ararat. We find appellant's petition shows, on its face, the suit had no realistic chance of success. Accordingly, the trial court did not abuse its discretion in dismissing the cause of action. Appellant's first point of error is overruled.

In points of error two, three, and four, McCollum claims the trial court erred in failing to enter a default judgment in his favor. McCollum contends that because Mt. Ararat defaulted, it admitted the existence of the contract. *See Herbert v. Greater Gulf Coast Enterprises, Inc.,* 915 S.W.2d 866, 872 (Tex.App.-Houston [1st Dist.] 1995, no writ). In fact, under the Rules of Civil Procedure, a party must file a sworn denial if he intends to dispute the execution of a contract. *See* TEX.R. CIV. P. 93(7). In the absence of a verified denial, the court should receive the instrument into evidence as fully proved. *See Zodiac Corp. v. General Elec. Corp.,* 566 S.W.2d 341, 346 (Tex.Civ.App.-Tyler 1978, no writ). Further, McCollum asserts Mt. Ararat was not entitled to advance notice of the default judgment hearing because it failed to make an appearance. Finally, McCollum argues the court erred in allowing Jones to attend the hearing on the motion to dismiss because only a licensed attorney can represent a corporation in court. *See* TEX.R. CIV. P. 7.; *Dell Development Corp. v. Best Indus. Uniform Supply,* 743 S.W.2d 302, 303 (Tex. App.-Houston [14th Dist.] 1987, writ denied).

■ The plain language of Section 14.003(a) provides that a "court may dismiss a claim, *either before or after* service of process...." TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a) (Vernon Supp.1998) (emphasis added). Because a trial court is authorized to dismiss a claim *before* service of process, i.e., before the defendant has filed an answer, we find the court has continuing authority to dismiss a cause of action even where the defendant files no answer. In fact, the applicability of chapter fourteen is not contingent on the defendant's satisfaction of *any* procedural rule. This is consistent with the purpose of chapter fourteen which is "to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *See Hickson,* 926 S.W.2d at 399. *If* the parties had an agreement in this case, it was subject to the statute of frauds and unenforceable. Accordingly, we find the trial court did not err in refusing appellant's request for a default judgment.

Appellant's second, third, and fourth points of error are overruled, and the judgment of the trial court is affirmed.