NUMBER 13-99-259-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ACEY JACKSON, Appellant,


v.



TEXAS DEPARTMENT OF CRIMINAL

JUSTICE--INSTITUTIONAL DIVISION,

THE STATE OF TEXAS, AND

JOE M. BARNES, Appellees.

____________________________________________________________________


On appeal from the 12th District Court of Walker County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 Appellant, Acey Jackson, a state prison inmate, filed a pro se
declaratory judgment action in the 12th District Court of Walker County
against the Texas Department of Criminal Justice--Institutional Division,
its employee Joe M. Barnes, and the State of Texas. Appellant filed an
unsworn declaration of his inability to pay costs.(1) After a hearing held
by video teleconference, the trial court found that appellant's claims
were frivolous, granted the defendants' motion to dismiss the complaint
with prejudice, and assessed all costs against appellant. Appellant
timely filed a notice of appeal on March 26, 1999. In two issues,
appellant contends the trial court erred in dismissing his claims as
frivolous. We affirm.

 Inmate litigation (except suits brought under the family code) in
which the inmate files an affidavit or unsworn declaration of inability to
pay costs is governed by special procedural rules set out in chapter
fourteen of the civil practice and remedies code. See Tex. Civ. Prac. &
Rem. Code Ann. § 14.001 (Vernon Supp. 2000). The legislature enacted
this statute to control the flood of frivolous lawsuits being filed in Texas
courts by prison inmates; these suits consume many valuable judicial
resources with little offsetting benefits. Hickson v. Moya, 926 S.W.2d
397, 399 (Tex. App.--Waco 1996, no writ). The rules set out in chapter
14 may not be modified or repealed by the regular rules of civil
procedure. Tex. Civ. Prac. & Rem. Code Ann. § 14.014 (Vernon Supp.
2000). 

 The trial court has broad discretion to dismiss a lawsuit brought
under chapter 14 as frivolous or malicious. Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a)(2) (Vernon Supp. 2000); Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.--Houston [1st Dist.] 1998, no pet.). In
determining whether a claim is frivolous or malicious, the trial court
may consider whether: (1) the claim's realistic chance of ultimate
success is slight; (2) the claim has no arguable basis in law or fact; (3)
it is clear that the party cannot prove facts in support of the claim; or (4)
the claim is substantially similar to a previous claim filed by the inmate
because the claim arises from the same operative facts. Tex. Civ. Prac.
& Rem. Code Ann. § 14.003 (b) (Vernon Supp. 2000). 

 The proper standard of review of the dismissal of a lawsuit
brought by an inmate who has filed an affidavit or declaration of
inability to pay costs is whether the court abused its discretion. 
Barnum v. Munson, 998 S.W.2d 284, 286 (Tex. App.--Dallas 1999, pet.
denied); McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d 535,
536 (Tex. App.--Houston [14th Dist.] 1998, no pet.); Hickson, 926
S.W.2d at 398. To establish abuse of discretion, the complaining party
must show that the trial court's action was arbitrary or unreasonable
in light of all the circumstances in the case. Smithson v. Cessna
Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). Stated differently, abuse
of discretion is determined by examining whether the trial court acted
without reference to any guiding rules and principles. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985);
McCollum, 980 S.W.2d at 536-37.

 To determine whether the trial court properly decided there was
no arguable basis in law for appellant's suit, we examine the types of
relief and causes of action appellant pleaded in his petition to determine
whether, as a matter of law, the petition stated a cause of action that
would authorize relief. Id. In reviewing this dismissal, we are bound
to take as true the allegations in appellant's original petition. Id.;
Harrison v. Texas Dept. of Criminal Justice -- Institutional Div., 915
S.W.2d 882, 888 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 Section 14.004 of the Texas Civil Practice & Remedies Code
provides that:

(a) An inmate who files an affidavit or unsworn declaration
of inability to pay costs should file a separate affidavit
or declaration:


 (1) identifying each suit, other than a suit under the
Family Code, previously brought by the person
and in which the person was not represented by
an attorney, without regard to whether the
person was an inmate at the time the suit was
brought; and


 (2) describing each suit that was previously brought
by:


 (A) stating the operative facts for which relief
was sought;


 (B) listing the case name, cause number, and
the court in which the suit was brought;


 (C) identifying each party named in the suit;
and


 (D) stating the result of the suit, including
whether the suit was dismissed as frivolous
or malicious under Section 13.001 or
Section 14.003 or otherwise.


Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon Supp. 2000).

 Several courts of appeals have reviewed the issue of an inmate's
failure to comply fully with section 14.004. Samuels v. Strain, 11
S.W.3d 404, 406 (Tex. App.--Houston [1st Dist.] 2000, no pet. h.); Bell
v. Texas Dept. of Criminal Justice -- Institutional Div., 962 S.W.2d 156,
158 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); Thomas v.
Wichita General Hosp., 952 S.W.2d 936, 939 (Tex. App.--Fort Worth
1997, pet. denied); Hickson, 926 S.W.2d at 399. 

 The Waco Court of Appeals has held that a trial court did not
abuse its discretion by dismissing as frivolous a chapter 14 suit where
no such section 14.004 affidavit was filed. Hickson, 926 S.W.2d at
399. The court held that in light of the flood of frivolous inmate
litigation, "the supplemental filing required by section 14.004 is
designed to assist the court in making the determinations that the
legislature has called upon it to make." Id. The court did not determine
whether the inmate had actually filed any lawsuits. Id.

 The Fort Worth Court of Appeals has held that a trial court did not
abuse its discretion by dismissing as frivolous a chapter 14 suit where
the plaintiff failed to file the affidavit, where "the record shows that
Thomas filed at least five lawsuits in Wichita County in the period
between July 1995 and July 1996." Thomas, 952 S.W.2d at 939.

 The Houston Fourteenth Court of Appeals has held that a trial
court did not abuse its discretion by dismissing as frivolous a chapter
14 suit where the plaintiff filed an affidavit listing four previous filings,
but did not state the operative facts for which relief was sought in those
suits. Bell, 962 S.W.2d at 158. The court stated:

We hold that when an inmate does not comply with the
affidavit requirements of section 14.004, the trial court is
entitled to assume the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous. Our
holding advances the purposes for which the Texas
Legislature enacted the section on inmate litigation and the
special requirements in section 14.004.


Id. 

 The Houston First Court of Appeals has held that a trial court did
not abuse its discretion by dismissing as frivolous a chapter 14 suit
where the plaintiff alleged in his petition that he had filed two previous
suits, but he did not: (1) file an affidavit, (2) list all the operative facts,
(3) identify all parties, or (4) list whether the cases were dismissed as
frivolous. Samuels, 11 S.W.3d at 406.

 In this case, appellant did not file a section 14.004 affidavit
specifying previous filings. Appellant did allege in his original petition
that he:

has not filed any previous lawsuit concerning the subject
which makes this cause of action. The plaintiff has not
previously filed any other civil actions in any courts in the
United States of America.


However, appellant's statement is in an unverified, unsworn petition
that was not made subject to the penalty of perjury. His unsworn
pleading cannot, therefore, qualify as either an affidavit or an unsworn
declaration under chapter 132 of the Texas Civil Practice & Remedies
Code. 

 Because appellant did not comply with the requirements of section
14.004, we hold the trial court did not abuse its discretion by
dismissing as frivolous appellant's lawsuit. Appellant's two issues are
overruled.

 The trial court's orders dismissing appellant's lawsuit and
assessing costs are affirmed.


 FEDERICO G. HINOJOSA

 Justice


Publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.


1. Chapter 132 of the Texas Civil Practice & Remedies Code allows prison
inmates to file unsworn declarations if they meet certain requirements. Section
132.001 provides:


§ 132.001. Use by Inmates in Lieu of Sworn Declaration


(a) Except as provided by Subsection (b), an unsworn declaration
made as provided by this chapter by an inmate in the Texas
Department of Corrections or in a county jail may be used in lieu
of a written sworn declaration, verification, certification, oath, or
affidavit required by statute or required by a rule, order, or
requirement adopted as provided by law.


(b) This chapter does not apply to an oath of office or an oath
required to be taken before a specified official other than a notary
public. 


Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon 1997). Section 132.002 provides:


§ 132.002. Requirements of Declarations


An unsworn declaration made under this chapter must be:


(1) in writing; and


(2) subscribed by the person making the declaration as true under
penalty of perjury.


Tex. Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon 1997).