NUMBER 13-01-160-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

ERIC D. HARRISON , Appellant,
v.



AMADO IGLESIAS AND NOWARD BELL, JR. , Appellees.

___________________________________________________________________


On appeal from the 135th District Court

of DeWitt County, Texas.

__________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Rodriguez


Appellant, Eric D. Harrison, an inmate at the Stevenson Unit of the Institutional Division of the Texas Department of
Criminal Justice, sued appellees, Amado Iglesias and Noward Bell, Jr., prison officials. The trial court dismissed
Harrison's suit with prejudice. By two issues, Harrison contends chapter 14 of the Texas Civil and Practices Remedies
Code does not apply because the trial court dismissed his petition before signing an order granting his motion to file suit in
forma pauperis and before allowing him to file a response to appellees' answer. We affirm.

BACKGROUND

Harrison filed his pro se lawsuit complaining that Iglesias and Bell unlawfully appropriated his personal property which
consisted of two twelve-ounce peanut butter jars, one containing "Nescafe Coffee" and one containing "Ajax detergent."
Appellant alleged violations of his constitutional right to be free from illegal search and seizure. He sued for $1000.00 in
damages under the Texas Tort Claims Act and for declaratory and injunctive relief. Iglesias and Bell answered and filed a
motion to dismiss contending Harrison's lawsuit was frivolous under chapter 14 of the Texas Civil Practices and Remedies
Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon Supp. 2002). They also urged that Harrison had failed to
comply with requirements of chapter 14; specifically, that he failed to attach a list of all previous lawsuits and
documentation demonstrating that he had exhausted his administrative remedies. Id. at §§ 14.004(1), (2), 14.005. After
considering the chapter 14 motion to dismiss, the trial court granted the motion and dismissed Harrison's lawsuit as
frivolous, with prejudice as to all claims. Harrison appeals from that order.

THE LAW

The trial court has broad discretion to dismiss an inmate's claim as frivolous. Jackson v. Tex. Dep't of Crim. Justice-Inst'l
Div., 28 S.W.3d 811, 813 (Tex. App.-Corpus Christi 2000, pet. denied) (citing Lentworth v. Trahan, 981 S.W.2d 720, 722
(Tex. App.-Houston [1st Dist.] 1998, no pet.)). To determine whether a claim is frivolous, the trial court may consider if:
(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear
that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by
the inmate because the claim arises from the same operative facts. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (b)
(Vernon Supp. 2002);Jackson, 28 S.W.3d at 813.

STANDARD OF REVIEW

The proper standard of review for the dismissal of a frivolous claim pursuant to chapter 14 is abuse of discretion. Jackson,
28 S.W.2d at 813 (citing Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ)). To establish abuse of
discretion, an appellant must show that the trial court's action was arbitrary or unreasonable in light of all the
circumstances. Id. (citing Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984)). This standard is clarified
by asking whether the trial court acted without reference to any guiding rules or principles. Morrow v. H.E.B., Inc., 714
S.W.2d 297, 298 (Tex. 1986).

INDIGENT STATUS

By his first issue, Harrison complains that the trial court erred in failing to sign an order granting him indigent status prior
to or on the date the order to dismiss was signed and entered. Harrison argues that because the court did not sign an order
granting him indigent status, chapter 14 should not apply and his lawsuit should not have been dismissed.

Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by inmates in which an affidavit or
unsworn declaration of inability to pay costs is filed by the inmate. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
Supp. 2002). Harrison filed his suit on November 21, 2000. On that same day, he filed a document styled "Motion to
Proceed In Forma Pauperis in Texas Tort Claim." Although styled as a motion, our review of the document reveals it is
more accurately characterized as a declaration of inability to pay costs. Harrison's filing was complete when he filed his
petition and his declaration of inability to pay costs. No order was necessary to establish his indigent status. Thus, we
conclude chapter 14 applies.

Harrison also contends chapter 14 does not apply because he forwarded his filing fee to the district clerk and it was refused;
thus, error. The dismissal order was signed on February 15, 2001. Harrison filed his notice of appeal on February 22,
2001. He forwarded a $20.00 money order for his filing fee to the district clerk on February 26, 2001, eleven days after the
order dismissing the case was filed and four days after he had filed his notice of appeal. On March 13, 2001, the district
clerk returned the filing fee explaining that no fee was due because appellant's motion to proceed in forma pauperis was on
file.

We have concluded above that appellant's filing was complete when he filed his lawsuit and his declaration on November
21, 2000, thus bringing the lawsuit within the purview of chapter 14 at that time. Appellant provides us with no authority,
and we find none, to support his contention that a filing fee filed after the lawsuit is dismissed pursuant to chapter 14
applies retroactively to dissolve the indigency nature of the lawsuit and the applicability of chapter 14. Moreover, while
chapter 14 applies to suits filed by inmates who have filed an affidavit or a declaration of indigency, the court may still
assess fees, court costs, and others costs against the "indigent" inmate. Tex. Civ. Prac. & Rem. Code Ann. § 14.006
(Vernon Supp. 2002); Thomas v. Knight, 52 S.W.3d 292, 296 (Tex. App.-Corpus Christi 2001, pet. denied). An inmate
may even authorize payment in addition to that required by the court. Tex. Civ. Prac. & Rem. Code Ann. § 14.006(g)
(Vernon Supp. 2002). Therefore, a payment of fees does not, in and of itself, change the indigency status of the case.
Harrison's declaration of inability to pay costs remained on file with the court. He made no request to withdraw it. Thus,
chapter 14 applies, and the trial court did not abuse its discretion in dismissing Harrison's lawsuit pursuant to that chapter.
Harrison's first issue is overruled.

LAWSUIT DISMISSED PRIOR TO FILING RESPONSE TO ANSWER

By his second issue, Harrison complains that the trial court erred in signing the order of dismissal without considering his
response to appellees' answer. Harrison argues that because appellees' answer demanded proof and advised him that any
response should be filed before the submission date, the trial court erred in not considering his timely-filed response before
dismissing his lawsuit.

Appellees filed their answer and motion to dismiss on February 15, 2001. The trial court signed an order of dismissal the
same day. At paragraph V of the answer and motion, appellees included a notice of submission wherein they advised
Harrison that, should the court choose, the case would be considered on submission without a hearing twenty days from the
date of filing of the notice, and he should have a response on file before that date. On March 6, 2001, Harrison filed his
response dated March 3, 2001. Appellees do not argue that Harrison's response was not timely filed in reply to their notice
of submission.

Without addressing appellees' actions requesting a submission date and advising Harrison that any response must be filed
prior to that date, the plain language of section 14.003(a)(2) provides that a trial "court may dismiss a claim, either before
or after service of process. . . ." Tex. Civ. Prac. & Rem. Code Ann. §14.003(a)(2) (Vernon Supp. 2002); McCollum v. Mt.
Ararat Baptist Church, 980 S.W.2d 535, 537 (Tex. App.-Houston [14th Dist.] 1998, no pet.). Further, the trial court has no
duty to voluntarily suggest that an appellant amend his pleading, White v. State, 37 S.W.3d 562, 565 (Tex. App.-Beaumont
2001, no pet.), or respond to an answer. Because the trial court had the authority to dismiss Harrison's claim even before
service had been accomplished, and had no duty to advise him to respond, we find the court had continuing authority to
dismiss Harrison's case before his response was filed. See McCollum, 980 S.W.2d at 537. To require the court to wait for a
response because the opposing parties advised Harrison to file by a certain date is not supported by statute or case law. We
conclude, therefore, Harrison had no legal right to an opportunity to respond, although appellees advised him of a twenty
day submission date. Thus, the trial court did not abuse its discretion when it dismissed the lawsuit pursuant to chapter 14.
Harrison's second issue is overruled.

Accordingly, the judgment of the trial court is affirmed. 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 7th day of March, 2002.