Affirmed and Memorandum Opinion filed July 24, 2003
















Affirmed and
Memorandum Opinion filed July 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-00764-CV

_______________

 

IVO NABELEK,
Appellant

 

V.

 

GERALD GARRETT, CHAIRMAN OF THE TEXAS BOARD OF
PARDONS AND PAROLES, THE TEXAS BOARD OF PARDONS AND PAROLES, and ALL
CURRENT AND FUTURE MEMBERS OF THE TEXAS BOARD OF
PARDONS AND PAROLES, APPELLEES

_______________________________________________________________________

 

On Appeal from
the 189th District Court

Harris County, Texas

Trial Court
Cause No. 00-58444

_______________________________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Ivo Nabelek, an inmate in the Texas Department of Corrections,
appeals the dismissal of his pro se, in forma pauperis,
action for injunctive and declaratory relief. 
We affirm.

            Nabelek
filed this suit to prohibit appellees from applying
section 508.046 of the Texas Government Code to future determinations of his
eligibility for release on parole.  Under
the version of former article 42.18 of the Texas Code of Criminal Procedure
that was in effect at the time his offense was committed, Nabelek
contends that his eligibility for parole would have required the approval of
only two of a three-member, randomly-selected, panel of the Board of Pardons
and Paroles (the “board”).  By contrast,
under section 508.046, which was enacted after Nabelek
committed, and was convicted of, his offense, his eligibility for parole will
require the approval of two-thirds of the entire 18-member board.[1]
Therefore, Nabelek contends that the application of
section 508.046 to his parole determination would violate the prohibition
against ex post facto and retroactive laws under the Texas Constitution.[2]  After a motion to dismiss was filed by one of
the appellees, the trial court dismissed Nabelek’s case as frivolous under Chapter 14 of the Texas
Civil Practice and Remedies Code (“CPRC”).

            Because it is dispositive
of the appeal, we proceed to address Nabelek’s second
point of error, which contends that the trial court abused its discretion in
dismissing his suit as frivolous, for lack of an arguable basis in law, under
section 14.003 of the CPRC.

            A suit brought by an inmate in which
the inmate files an affidavit of inability to pay costs may be dismissed if the
trial court finds that the claim is frivolous or malicious, such as where the
claim’s realistic chance of success is slight or the claim has no arguable
basis in law.  See Tex. Civ.
Prac. & Rem. Code Ann.
§§ 14.001(1), 14.002(a), 14.003(a)(2), (b)(1)-(2) (Vernon 2002).  A statute is constitutionally prohibited from
applying retroactively only if it takes away or impairs a vested right acquired
under existing law.  Subaru of Am., Inc. v. David McDavid Nissan,
Inc., 84 S.W.3d 212, 219 (Tex. 2002). 
No one has a vested right in a mere rule of law or the continuance of
present law in relation to a particular subject.  Id.  Nor do parties have a vested right in
choosing what tribunal will determine their rights.  See Butnaru v. Ford Motor Co., 84 S.W.3d 198, 205 (Tex.
2002).  In this case, because Nabelek has not shown, and we cannot perceive, any arguable
basis in law to support the existence of a vested right in having his parole
eligibility determined by a panel of one particular size versus another or by a
smaller panel rather than a larger one, the trial court did not err in dismissing
as frivolous his challenge to section 508.046 based on its retroactive
application.

            As to Nabelek’s
ex post facto challenge, a civil district court generally lacks jurisdiction to
declare a criminal statute, such as section 508.046, unconstitutional in the
absence of a threat of irreparable injury to personal or property rights.  See State v. Morales, 869 S.W.2d 941, 942-45 (Tex.
1994).  The validity of such a provision
should ordinarily be determined by a court exercising criminal
jurisdiction.  See id. at 945.

            In addition, not every retroactive
change in parole procedures that creates a risk of affecting an inmate’s term
of confinement is prohibited by the ex post facto clause.  Garner
v. Jones, 529 U.S. 244, 250
(2000).[3]  Rather, the controlling inquiry is whether
the retroactive application creates a sufficient risk of increasing the length
of punishment, as contrasted from only a speculative and attenuated possibility
of doing so.  See id. at 250-51, 255.[4]  Thus, increases in the minimum number of years
in which parole decisions must be reconsidered from three to eight or from one
to three do not violate the ex post facto prohibition where they do not modify
the statutory punishment imposed or the standards for determining the criteria
for, or initial date of, parole eligibility. 
See id. at 250-57; Cal. Dep’t of Corrs. v. Morales, 514 U.S. 499,
507-14 (1995).  By contrast, statutory
amendments that cancel early release credits already earned by inmates or
constrict the availability of future credits do violate the ex post facto
prohibition because they directly postpone the date at which inmates can become
eligible for release and thus increase the length of punishment.  See Lynce v. Mathis, 519 U.S. 433,
442-47 (1997); Weaver v. Graham, 450 U.S. 24, 29-36
(1981).

            In this case, because the
application of section 508.046 does not alter any of the determinants of parole
timing or eligibility, but only how many board members will participate in the
decision, it presents an even more speculative and attenuated possibility of
increasing punishment than the amendments upheld in Garner and Morales.  Therefore, Nabelek’s
ex post facto challenge has no arguable basis in law, and the trial court did
not err in dismissing it as frivolous. 
We overrule his second point of error and, thus, need not address his
first point of error concerning his compliance with a procedural requirement
under section 14.004 of the CPRC.

            Nabelek’s
third point of error contends that the trial court erred in dismissing his
entire suit because only one of the appellees filed a
motion to dismiss and the language of the dismissal order does not clearly show
that all parties and claims have been dismissed.  Not only do the conditions for dismissal
under section 14.003 not require a motion to be filed by a defendant, they
allow a trial court to dismiss a case before process has even been served.[5]  Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a); McCollum v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d 535, 537
(Tex. App.—Houston [14th Dist.] 1998, no pet.). 
Therefore, the trial court did not err in dismissing the case as to the
nonmoving defendants without their filing a motion to dismiss.

            As to the finality of the dismissal
order, it is true that the order refers to the motion to dismiss and makes no
specific mention of the nonmoving defendants. 
However, in that Nabelek asserted the same
claim against all of the defendants collectively, to the extent it was
frivolous as to any, it was frivolous as to all.  Moreover, the dismissal order clearly ordered
that “this cause of action be dismissed in its entirety” and that “all claims
not previously ruled upon are hereby denied.” 
This language left no ambiguity as to its meaning, particularly in that
a partial dismissal would have served no useful purpose under the
circumstances.  Accordingly, we overrule Nabelek’s third point of error and affirm the trial court’s
judgment.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed July 24, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 

 











[1]           See Tex. Gov’t Code Ann.
§ 508.031 (Vernon Supp.
2003), § 508.046 (Vernon 1998).





[2]           See Tex. Const. art. I, § 16.





[3]           Although Nabelek
asserts his challenges under only the Texas, and not
the United States, Constitution,
he has cited no authority that the Texas Constitution affords any greater or
different protection in these areas.





[4]           To violate the ex post facto
clause, unlike the constitutional prohibition on retroactive statutes, a law
need not impair a vested right.  See Weaver v. Graham, 450 U.S. 24, 29
(1981).





[5]           Because a motion is not required,
where a motion is filed, as in this case, it follows that the trial court and
reviewing court are not limited, in granting and affirming the dismissal, to
the grounds asserted in the motion.