Opinion issued March 2, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01184-CV




ARCADE COMEAUX, Appellant

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee




On Appeal from the 278th District Court
 Walker County, Texas
Trial Court Cause No. 22737




O P I N I O N
          Appellant, Arcade Comeaux, a prison inmate, appeals pro se and in forma
pauperis from the dismissal of his claims against the Texas Department of Criminal
Justice (TDCJ). In five issues on appeal, appellant contends that the trial court erred
by: (1) considering and dismissing his claims under Chapter 14 of the Texas Civil
Practice and Remedies Code (Chapter 14); (2) assessing costs against him pursuant
to Chapter 14; (3) denying him access to a fair and impartial trier of fact; (4)
dismissing his claims without a hearing; and (5) failing to hold a hearing on his
motion for reinstatement. See Tex. Civ. Prac. & Rem. Code Ann. ch. 14, §§
14.001–14.010 (Vernon 2002) (enumerating statutory provisions that apply to inmate
litigation). 
          We affirm. 
BACKGROUND



          Following a prison disciplinary proceeding on January 3, 2003, appellant was
found liable for destroying property.


 Acting within the TDCJ grievance system,
appellant sought administrative review of the decision entered against him. It appears
that he exhausted his administrative remedies on or about April 22, 2003. Pursuant
to section 500.002 of the Texas Government Code, appellant then sought judicial
review of the decision. See Tex. Gov’t Code Ann. § 500.002 (Vernon 2004)
(providing inmates with a right of judicial review of TDCJ disciplinary proceedings
against them for destruction of property). 
          The clerk’s record indicates that appellant’s petition for judicial review, which
was not accompanied by a written decision from the TDCJ grievance system,


 was
filed on July 22, 2004.


 On the same day, the trial court ordered the attorney general
to review the pleadings, affidavits, unsworn declarations, and exhibits for compliance
with Chapter 14—which governs litigation by an inmate—and to file as amicus curiae
a motion as to whether appellant had satisfied the chapter’s procedural requirements. 
The trial court also assessed filing fee costs against appellant pursuant to Chapter 14. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.006 (Vernon 2002).
          The trial court’s reference to Chapter 14 in its July 22 orders led appellant to
file a “Motion for Correction of a Filing Error.” Appellant’s motion contends that his
petition for judicial review is governed only by provisions in the Texas Government
Code, particularly sections 500.002 and 501.008. See Tex. Gov’t Code Ann. §§
500.002, 501.008 (Vernon 2004). In appellant’s view, Chapter 14 applies only to
civil suits, which do not include petitions seeking judicial review of TDCJ
disciplinary decisions finding inmates liable for the destruction of property. 
Therefore, appellant argues that the statutory provisions contained in Chapter 14 do
not apply to his claim.



          On August 11, 2004, the attorney general submitted his amicus curiae motion 
pursuant to the trial court’s July 22 order. The attorney general’s motion states that
appellant’s claim should be dismissed for failure to comply with various requirements
enumerated in Chapter 14. One week later, appellant filed a response to the attorney
general’s motion, again contending that Chapter 14 did not apply to his petition for
judicial review. After examining the pleadings, the trial court dismissed appellant’s
claim on September 2, 2004. The order of dismissal states that “the petition filed by
the plaintiff is frivolous and not in compliance with the requirements set forth in
Texas Civil Practices and Remedies Code, Chapter 14.” Appellant timely appealed. DISCUSSION
          Standard of Review
          A trial court’s use of Chapter 14 to dismiss a claim by an inmate is reviewed
under an abuse of discretion standard. Hickman v. Adams, 35 S.W.3d 120, 123 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). A trial court abuses its discretion if it acts
in an arbitrary or unreasonable manner without reference to guiding rules or
principles. See Garcia v. Martinez, 988 S.W.2d 219, 222 (Tex. 1999). When
reviewing matters committed to the trial court’s discretion, we may not substitute our
own judgment for that of the trial court. Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992). If determination of an issue requires interpretation of a statue, we apply
de novo review. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 734 (Tex. 2002).
          Appellant’s Claims
          Although he raises five issues on appeal, appellant’s claims effectively depend 
on whether the trial court erred in determining that appellant’s petition for judicial
review was a suit subject to the provisions of Chapter 14 of the Civil Practice and
Remedies Code. If Chapter 14 applies, the court did not err in dismissing appellant’s
claims or in assessing costs against appellant. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 14.005, 14.006 (Vernon 2002). Appellant argues that his petition should be
governed solely by sections 500.002 and 501.008 of the Government Code, and not
by Chapter 14. 
          Section 500.002 of the Government Code states that TDCJ inmates may be
held liable for destroying property belonging to the State provided that they first
receive a hearing. See Tex. Gov’t Code Ann. § 500.002.


 If an inmate is found
liable for destroying property, section 500.002(d) provides: 
An inmate, after exhausting all remedies provided by the grievance
system developed under Section 501.008, may appeal a final decision
under this section by filing a petition for judicial review in a district
court having jurisdiction in the county in which the alleged damages
occurred . . . Appeals may be taken from the district court as in other
civil cases. 

See Tex. Gov’t Code Ann. § 500.002.
          Section 501.008 provides, inter alia, that the TDCJ must develop and maintain
a system for the resolution of grievances by inmates housed in TDCJ facilities and
that an inmate may not file a claim in state court regarding operative facts for which
the grievance system provides the exclusive remedy until the inmate has received a
written decision by the highest authority provided for in the grievance system. See
Tex. Gov’t Code Ann. § 501.008 (Vernon 2004). Appellant argues that: (1) he was
found liable for destroying state property; (2) he exhausted all the administrative
remedies available to him under section 501.008; and (3) he is therefore entitled to
have the district court review the administrative decision against him without
satisfying any of the procedural requirements contained in Chapter 14. 
          Chapter 14 of the Civil Practice and Remedies Code was enacted to control the
flood of frivolous lawsuits filed in Texas courts by prison inmates. McCollum v. Mt.
Ararat Baptist Church, Inc. 980 S.W.2d 535, 537 (Tex. App.—Houston [14th Dist.]
1998, no pet.). Chapter 14 seeks to deter frivolous lawsuits by requiring indigent
inmates, among other things: (1) to exhaust all TDCJ administrative remedies before
filing suit; (2) to file an affidavit or unsworn declaration stating the date the grievance
was filed and the date the written grievance decision was received by the inmate; and
(3) to file a copy of the written decision from the grievance system. See Tex. Civ.
Proc. & Rem. Code Ann. §§ 14.003–14.006 (Vernon 2002). Section 14.003 allows
a trial court to dismiss an inmate’s claim as frivolous if the court determines the
claim’s chances of success are slight or that it has no arguable basis in law or in fact. 
Id. § 14.003. 
           Relying on section 14.002, appellant argues that Chapter 14 does not apply to
his claim. According to section 14.002, Chapter 14 “applies only to a suit brought by
an inmate.” Id. § 14.002(a). Appellant contends that he is appealing an adverse
administrative decision, not bringing a suit, and thus Chapter 14 is inapposite. 
          We disagree. Section 14.005 places certain procedural requirements on any
inmate filing a claim “subject to the grievance system established under Section
501.008 [of the] Government Code.” Id. § 14.005. Claims for judicial review under
Government Code section 500.002, by the section’s plain language, are subject to
section 501.008 of the Code, thus bringing section 500.002 under the ambit of section
14.005 of the Civil Practice and Remedies Code. Moreover, the word “suit,” as used
in a legal context, refers to “any proceeding by a party or parties against another in
a court of law.”


 Here, we have a proceeding by appellant against the TDCJ and in
a court of law. Finally, we note that appellant’s reliance on Retzlaff is misguided. 
See Retzlaff v. Texas Dept. of Crim. Justice, 94 S.W.3d 650 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied). Appellant is correct in asserting that Retzlaff holds
that an “inmate charged in a disciplinary proceeding with destruction of property is
entitled to judicial review provided he has exhausted his administrative remedies.” 
Id. at 653. We do not, however, read Retzlaff to hold that section 500.002 claims
need not comply with Chapter 14. Indeed, in evaluating Retzlaff’s claim, the court
applied a standard of review specifically enumerated in section 14.003 of Chapter 14. 
We hold that an appeal of a final administrative decision of the TDCJ under section
500.002 of the Government Code is subject to the requirements of Chapter 14 of the
Civil Practice and Remedies Code. 
          Chapter 14, section 14.005, requires that an inmate appealing a decision from
the TDCJ administrative system file a copy of the written decision in the trial court. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.005. Here, the record does not contain a
written decision from the TDCJ grievance system. Consequently, because Chapter
14 applies to appellant’s action, the trial court acted well within its discretion in
dismissing appellant’s claims for failure to comply with Chapter 14's procedural
prerequisites. See id. § 14.05. Because we conclude that the trial court did not err in
construing appellant’s petition for judicial review to be a lawsuit subject to Chapter
14's procedural requirements, we hold that the court acted within its discretion when
it dismissed appellant’s claims and assessed costs against appellant for failure to
comply with Chapter 14. Consequently, we need not consider appellant’s remaining
issues.


 
CONCLUSION
          We affirm the judgment of the trial court. 
                                         
 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.