Opinion issued May 10, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01177-CV






HOWARD VANZANDT WILLIAMS, Appellant


V.


TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL
DIVISION and KIMBERLY FRAZER, Appellees






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 12976






MEMORANDUM OPINION

 Appellant, Howard Vanzandt Williams, appeals an order dismissing his lawsuit
against appellees, the Institutional Division of the Texas Department of Criminal
Justice (TDCJ) and corrections officer Kimberly Frazer, as frivolous under chapter
14 of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a)(2) (Vernon 2002). In four issues on appeal, Williams
contends that the trial court violated the Texas and United States constitutions and
abused its discretion (1) by dismissing his lawsuit when his case was already set for
trial, (2) by dismissing his lawsuit when the parties had not agreed to a statement of
facts, (3) by entering a void judgment, and (4) by violating various rules of civil
procedure. We conclude that the trial court had jurisdiction to dismiss the case under
chapter 14 of the Civil Practice and Remedies Code, which permits the trial court to
dismiss a lawsuit without a hearing, without an agreed statement of facts, and after
the case has been set for trial. We further conclude that Williams's assertions that the
judgment is void and the state and that federal constitutions were violated are
inadequately briefed, and are therefore waived. We affirm. 

Background

 Williams was an inmate at TDCJ's Darrington Unit in Rosharon, Texas. (1) 
Williams, a diabetic, received surgery for carpal tunnel syndrome in his right hand at
John Sealy Hospital in Galveston, but he reported no improvement of his symptoms
when he was later examined by his surgeon. On May 30, 2002, about two years after
his surgery, Williams was transported from John Sealy Hospital to the Darrington
Unit after medical appointments. According to Williams, corrections officer Frazer
placed leg irons over his hand braces, despite a pass that provided that on that day he
was to wear "leg irons only." The leg irons "cut grooves" into his hands and
"increased the pain."

 Upon arrival at the Darrington Unit, a nurse at the TDCJ clinic examined
Williams's hands and reported that there were no cuts on his hands, that restraints
were placed over the wrist supports he wore as treatment for his carpal tunnel
syndrome, that there was no redness or swelling, and that there was a small red mark
on the right wrist. Approximately 45 minutes later, the same nurse again examined
Williams's hands, when he complained of swelling in his hands due to restraints that
were too tight. The nurse noted "slight swelling" at the right wrist area and a minor
skin mark at the right wrist. On June 12, 2000, Williams had a follow-up doctor's
appointment by video link. Although Williams complained of swelling in his hand,
the doctor ascertained that the wound was healing and gave a prognosis that "[t]his
is likely stable." 

 Williams filed a lawsuit against Frazer and the TDCJ, claiming that the injuries
received while under Frazer's supervision violated his Eight Amendment rights under
42 U.S.C. § 1983. See 42 U.S.C.S. § 1983 (LexisNexis 2002). Williams filed the
lawsuit in forma pauperis in the Brazoria County District Court by filing an unsworn
declaration claiming that he is incarcerated and has insufficient funds in his inmate
trust account or from any other source to pay the filing fees for the lawsuit. At the
time the original petition was filed, Williams also filed, pursuant to chapter 14 of the
Texas Civil Practice and Remedies Code, (1) a copy of the offender grievance form
that was used to complain of this matter in the internal grievance system of TDCJ,
and (2) a declaration detailing previous lawsuits filed by Williams. Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.004, 14.005 (Vernon 2002).

 Williams filed a motion to sever TDCJ as a defendant so that he could continue
against Frazer only, and filed a motion for default judgment against Frazer. A trial
date was set for December 5, 2005. 

 Frazer filed an answer on October 11, 2005, asserting that she was immune
from liability and acting in her "official capacity as an employee of an agency of the
State of Texas." She additionally asserted that Williams failed to state a claim upon
which relief could be granted. 

 Also on October 11, 2005, TDCJ and Frazer, through the Attorney General,
filed a Motion to Dismiss under section 14.003 of the Texas Civil Practice and
Remedies Code. The motion asserted that the claims against Frazer and TDCJ are
"frivolous or malicious" under chapter 14 because (1) TDCJ is not a person under 42
U.S.C. § 1983, (2) Williams cannot recover from Frazer under 42 U.S.C. § 1983, (3)
Williams had only de minimis injuries and he failed to state a claim against Frazer as
an individual, (4) Frazer is entitled to qualified immunity, (5) Williams's chances of
being successful under the lawsuit are slight, and (6) Williams's claims have no basis
in law. Williams was mailed notice that the motion for dismissal would be submitted
to the trial court on November 7, 2005 without a hearing. Williams filed an objection
on November 7, 2005. Two weeks later, the trial court granted the motion to dismiss
the lawsuit. 

Chapter 14

 As part of his second and fourth issues, Williams challenges the trial court's
dismissal of his lawsuit under chapter 14 of the Texas Civil Practice and Remedies
Code by claiming that the trial court improperly dismissed the case in violation of the
rules of civil procedure. Williams specifically points to violations of rules 245 (2) and
247 (3) by asserting that they require a showing of good cause before his case can be
taken from the trial court's docket, and rule 263 by claiming that parties must file an
agreed statement of facts before the motion to dismiss can be considered without a
hearing. (4) See Tex. R. Civ. P. 245, 247, 263. 

 Chapter 14 of the Texas Civil Practice and Remedies Code applies to a lawsuit
brought, as this suit was, by an inmate who seeks to proceed in forma pauperis by
filing an affidavit or unsworn declaration of inability to pay costs. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.002 (Vernon 2002). It imposes certain procedural
requirements that must be met before an inmate may proceed. See, e.g., id. §§ 14.004,
14.005, 14.006(f). Chapter 14 further permits a trial court to dismiss an inmate's
lawsuit that the court finds to be malicious or frivolous. Id. § 14.003(a)(2).

 We review a dismissal under chapter 14 for abuse of discretion. Moreland v.
Johnson, 95 S.W.3d 392, 394 (Tex. App.--Houston [1st Dist.] 2002, no pet.). A trial
court commits an abuse of discretion if it acts arbitrarily, capriciously, and without
reference to guiding rules or principles. Id.

 To dismiss under chapter 14, the trial court may grant a hearing, but a hearing
is not required. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) ("In determining
whether [to dismiss a suit as frivolous or malicious], the court may hold a hearing."). 
Thus, whether or not to hold a hearing when dismissing a suit as frivolous lies within
the sound discretion of the trial court. See Moreland, 95 S.W.3d at 394 (citing
Williams v. Brown, 33 S.W.3d 410, 411 (Tex. App.--Houston [1st Dist.] 2000, no
pet.)). Chapter 14 also does not restrict the timing of the hearing, if any hearing is
held. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) ("The hearing may be held
before or after service of process."). We conclude that the dismissal under chapter
14 was not improper merely by the trial court's decision not to conduct a hearing.

 Williams further complains that the rules of civil procedure were not followed
by the trial court because the trial court dismissed the case on November 21, 2005,
after it had been set for trial on December 5, 2005. Williams also contends that there
was no agreed statement of facts. Chapter 14 "may not be modified or repealed by
a rule adopted by the supreme court." Tex. Civ. Prac. & Rem. Code Ann. § 14.014
(Vernon 2002). Williams may not rely on the rules of civil procedure to constrain the
trial court's broad discretion on a chapter 14 motion to dismiss. See id.; see also
Retzlaff v. Tex. Dept. of Crim. Justice, 94 S.W.3d 650, 653 (Tex. App.--Houston
[14th Dist.] 2002, pet. denied) ("Trial courts are given broad discretion in
determining whether a case should be dismissed" under section 14.003); McCollum
v. Mt. Ararat Baptist Church, Inc., 980 S.W.2d 535, 537 (Tex. App.--Houston [14th
Dist.] 1998, no pet.) (holding that, consistent with statute's purpose of controlling
flood of frivolous suits, "applicability of chapter fourteen is not contingent on the
defendant's satisfaction of any procedural rule") (emphasis in original). We conclude
that the trial court did not need an agreed statement of facts to dismiss the lawsuit
under chapter 14. See McCollum, 980 S.W.2d at 537. We also conclude that the trial
court could properly dismiss the lawsuit under chapter 14 even though the case had
been set for trial. See id. We hold that trial court did not abuse its discretion by
dismissing Williams' lawsuit under chapter 14, despite any failure by the court to
apply rules 245, 247, and 263 of the Texas Rules of Civil Procedure. We overrule
those portions of Williams's second and fourth issues pertaining to the alleged
violations of the Texas Rules of Civil Procedure. Constitutional Issues and Voidness

 In his first issue, Williams asserts that the trial court abused its discretion by
considering the motion to dismiss under chapter 14 thereby "changing the trial court's
order that set the case for trial," which violated "the due course provisions of the
Texas Constitution and the Due Process clause of the United States Constitution and
laws of the United States." In his second and fourth issues, Williams also complains
of violations of the Texas and United States constitutions. Williams's third issue as
listed in his brief challenges the trial court's dismissal by stating that it "OFFEND[S]
THOSE PROVISIONS AS SET OUT IN THE DUE COURSE PROVISIONS
(ARTICLE 1, SECTIONS 13 AND 19) OF THE TEXAS CONSTITUTION AND
THE DUE PROCESS CLAUSE OF THE CONSTITUTION AND LAWS OF THE
UNITED STATES." (Emphasis in original.) He also includes a "question" that
suggests that the dismissal was contrary to the 5th, 6th, and 14th Amendments of the
United States Constitution. He further claims that the trial court's judgment is void. 
 An appellant's brief "must contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record." Tex.
R. App. P. 38.1(h). An appellate issue is waived when the brief fails to contain clear
argument for the contentions made. See id.; see also Brock v. Sutker, 215 S.W.3d
927, 929 (Tex. App.--Dallas 2007, no pet.) (holding issue waived by brief that makes
no attempt to analyze trial court's order within context of cited authority). Williams
cites several provisions of the federal and state constitutions, asserting that the trial
court's order violates these provisions. However, he does not explain his assertions,
nor does he cite to any authority in support thereof. He further cites to no authority
supporting the contention that the trial court's dismissal was void. We hold that
Williams's constitutional arguments and assertion about a void judgment are waived. 
See Tex. R. App. P. 38.1(h); Brock, 215 S.W.3d at 929. 

 We overrule Williams's complaints of constitutional violations and claim of
void judgment, as asserted in his first through fourth issues. 

Reply Brief

 Williams briefly addresses the substantive merits of the trial court's dismissal
for the first time in his reply brief filed in this appeal. The Texas Rules of Appellate
Procedure do not allow an appellant to include in his reply brief a new issue that
responds to a matter that was raised in appellee's brief but that was not raised in the
appellant's original brief. 2218 Bryan Street, Ltd., v. City of Dallas, 175 S.W.3d 58,
65 (Tex. App.--Dallas 2005, pet. denied); see also Tex. R. App. P. 38.3. We hold
that appellant has waived any challenge to the substantive merits of the chapter 14
dismissal due to his failure to assert on appeal any challenge to the merits of the
dismissal until his reply brief. See 2218 Bryan Street, 175 S.W.3d at 65; see also
Tex. R. App. P. 38.3.

Conclusion

 We affirm the judgment of the trial court.



 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. Williams is now an inmate at the Beto I unit in Tennessee Colony, Texas, identified
in the TDCJ by CID #539975
.
2. Rule 245. Assignment of Cases for Trial


 The Court may set contested cases on written request of any party, or on the court's
own motion, with reasonable notice of not less than forty-five days to the parties of
a first setting for trial, or by agreement of the parties. . . . 


 A request for trial setting constitutes a representation that the requesting party
reasonably and in good faith expects to be ready for trial by the date requested, but no
additional representation concerning the completion of pretrial proceedings or of
current readiness for trial shall be required in order to obtain a trial setting in a
contested case.


 Tex. R. Civ. P. 245.
3. Rule 247. Tried When Set


 Every suit shall be tried when it is called, unless continued or postponed to a future
day or placed at the end of the docket to be called again for trial in its regular order.
No cause which has been set upon the trial docket of the court shall be taken from the
trial docket for the date set except by agreement of the parties or for good cause upon
motion and notice to the opposing party.


 Tex. R. Civ. P. 247.
4. Rule 263. Agreed Case


 Parties may submit matters in controversy to the court upon an agreed statement of
facts filed with the clerk, upon which judgment shall be rendered as in other cases;
and such agreed statement signed and certified by the court to be correct and the
judgment rendered thereon shall constitute the record of the cause.


 Tex. R. Civ. P. 263.