# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00782-CV

**Patrick Earl Conely, Appellant**

**v.**

**Brackenridge Hospital; Cynthia Brinson, M.D.; Martha Wear; Kelli Ward; William Gray; Texas Board of Criminal Justice; Mark Roth; Julito Uy; Joella Puenta; Theresa Hendrick; Julie Pacheco and Gilbert Herrera, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GN-05-002092, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Patrick Earl Conely, an inmate at a state correctional facility, filed a pro se, in forma pauperis lawsuit asserting health care liability and section 1983 claims against Brackenridge Hospital and Cynthia Brinson, M.D. Conely also asserted various claims against the Texas Board of Criminal Justice (TBCJ) and numerous individual prison officials (collectively, the State Defendants).[1] Conely's claims centered on allegations that the defendants acted wrongfully in connection with a claimed medical condition. On November 7, 2005, in separate orders, the district court dismissed Conely's health care liability claims against Brackenridge Hospital and Dr. Brinson for failure to provide an expert report as required by section 74.351 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann.

---

[1] These prison officials, and their designation or identification in the pleadings, are: "grievance investigators" Kelli Ward, William Gray, and Mark Roth; "assistant regional director" Martha Wear; "prison guards/grievance officers" Cynthia Harrell, Joella Puenta, and Gilbert Herrera; "physician assistant" Jolita Uy; "counsel substitute" Julie Pacheco; and "discipline hearing officer" Theresa Hendrick.

The record also reflects that Conely attempted to name but never served various Travis County personnel.

§ 74.351(a)-(b) (West Supp. 2006). During the following week, the district court granted the State Defendants' motion to dismiss Conely's claims against them for failure to comply with chapter 14 of the civil practice and remedies code. *See id*. §§ 14.001-.014 (West 2002). Subsequently, Brackenridge and Dr. Brinson obtained summary judgment as to the section 1983 claims against them. The district court's order stated that Conely shall "take nothing on any claims by way of his suit against Defendant Brackenridge Hospital and Defendant Cynthia Brinson, M.D." and that it "finally disposes of all parties and claims and is appealable."

Conely has appealed from two of these orders—the district court's dismissal of his health care liability claim against Dr. Brinson under chapter 74 of the civil practice and remedies code and its dismissal of his claims against the State Defendants under chapter 14, both of which were made final by the summary judgment.[2] Although his briefing also mentions Brackenridge and other matters beyond the scope of his appeal, we are without jurisdiction to consider them.

---

[2]  Specifically, Conely has filed two notices of appeal. On November 29, following the dismissal of his health care liability claims, Conely filed a notice of appeal. It stated:

> On November 23, 2005 I received notice from Defendant Brinson['s] Attorney that my claim against her was dismissed. For this reason, I here by give notice of appeal—Please refer [to] the complete (motions, pleadings, judgments, statement of facts) and or any other pertinent information on file in relation to the above number cause to the court of appeals to enable the plaintiff to perfect an appeal.

Although the dismissal order was not yet final, we consider this notice effective immediately after the final summary judgment. Tex. R. App. P. 27.1. Similarly, Conely's second notice of appeal, filed December 13 and addressed solely to the State Defendants, is deemed effective at the same time. *Id*.

Conely did not supplement or amend his November 29 appeal notice after Dr. Brinson obtained final summary judgment. We conclude that his appeal against Dr. Brinson is limited solely to the subject matter of his initial notice.

As Brackenridge observes, Conely did not mention the district court's separate order dismissing his claims against it in his November 29 appeal notice, and his only other appeal notice is addressed to the State Defendants. We conclude that Conely has not perfected an appeal against Brackenridge. Alternatively, Conely's failure to serve an expert report concerning Brackenridge under chapter 74 of the civil practice and remedies code is dispositive of any appeal he perfected against that entity.

## DISCUSSION

**Chapter 74 claims**

Within 120 days of filing a health care liability claim, a claimant must file an expert report, with a curriculum vitae of each expert listed in the report "against each physician or health care provider against whom a liability claim is asserted." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). If a timely expert report is not served as to a defendant physician or health care provider, the trial court must dismiss the claim as to the physician or healthcare provider, with prejudice. *Id.* § 74.351(b). We review a trial court's dismissal of a health care liability claim for failure to timely produce an expert report for an abuse of discretion. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001).

Conely filed his petition asserting health care liability claims again Dr. Brinson and Brackenridge Hospital on June 15, 2005. Thus, under section 74.351(a), he had until October 13, 2005 to serve the requisite expert reports. He wholly failed to do so. Section 74.351(b) mandates the dismissal of health care liability claims when no timely expert report is filed with respect to a defendant physician or health care provider. Tex. Civ. Prac. & Rem. Code § 74.351(b). The district court here had no discretion to do otherwise. Although subsection (c) authorizes trial courts to grant one thirty-day extension when "elements of the report are found deficient," here Conely did not timely serve *any* report. *Id.* § 74.351(c). And, while Conely did file a motion for extension of time on November 4—after the 120-day deadline had passed—he did not obtain the written agreement of the defendants. *Id.* § 74.351(a).

As Conely did not file the requisite expert reports within the 120-day deadline, and there was no written agreement to extend the deadline, the district court had no discretion but to

dismiss the claims. Accordingly, the district court did not abuse its discretion in dismissing Conely's health care liability claims against Dr. Brinson.[3]

**Chapter 14**

Chapter 14 of the civil practices and remedies code applies to a suit, such as Conely's, brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. Tex. Civ. Prac. & Rem. Code Ann. § 14.002. In their motion to dismiss, the State Defendants argued that Conely failed to comply with several provisions of chapter 14, including section 14.004, which requires that an inmate litigant file an affidavit or unsworn declaration identifying and describing each pro se suit, other than a suit under the family code, previously brought by the inmate. *See id.* § 14.004(a). The affidavit required under section 14.004 must describe each suit by stating the operative facts for which relief was sought, listing the case name, cause number, and the court in which the suit was brought, identifying each party named in the suit, and stating the result of the suit. *Id.* § 14.004(a)(2). We review a trial court's dismissal of a claim under chapter 14 for abuse of discretion. *McCollum v. Mt. Ararat Baptist Church*, 980 S.W.2d 535, 536 (Tex. App.—Houston [14th Dist.] 1998, no pet); *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).

We have reviewed the record in this case and we find that Conely's affidavit was insufficient to meet the requirements of section 14.004. While Conely did list eight previous filings, he did not state the operative facts upon which relief was sought or identify all the parties to each

---

[3] The same analysis would apply to Conely's health care liability claim against Brackenridge.

suit. Furthermore, the State Defendants' motion to dismiss revealed several suits that Conely failed to include in his affidavit. When an inmate's affidavit does not comply with the requirements in section 14.004, the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate and therefore frivolous. *Bell v. Texas Dep't of Crim. Justice—Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet denied). Accordingly, we hold that the trial court did not err in dismissing Conely's claims against the State Defendants under chapter 14.

**Motions for appointment of counsel and bench warrant**

In connection with the above issues, Conely also argues that the district court abused its discretion by failing to rule on his motion for appointment of counsel and motion for a bench warrant. Under rule 33.1(a)(2) of the rules of appellate procedure, in order to present a complaint for appellate review, the record must show that the trial court "(A) ruled on the request, objection or motion, either expressly or implicitly; or (B) refused to rule . . . and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2). Here, by proceeding to rule on the defendants' dispositive motions without appointing Conely counsel or issuing a bench warrant, it is clear that the district court implicitly denied Conely's requests. *See In the Interest of Z. L. T.*, 124 S.W.3d 163, 165 (Tex. 2003) (concluding that trial court implicitly denied inmate's request for bench warrant by proceeding to trial without issuing bench warrant). Therefore, we will proceed to review whether the district court abused its discretion in denying Conely's motions.

Section 24.016 of the government code gives a district judge discretion to appoint counsel for an indigent party in a civil case. Tex. Gov't Code Ann. § 24.016 (West 2004). "Some

courts of appeals . . . have concluded that the discretionary boundary of section 24.016 is similar to a court's inherent power to appoint counsel—counsel may be appointed in cases in which exceptional circumstances exist." *Gibson v. Tolbert*, 102 S.W.3d 710, 712-713 (Tex. 2003). Here, Conely has not demonstrated exceptional circumstances that would necessitate the appointment of counsel. *See Gibson*, 102 S.W.3d at 713 (holding that trial court did not abuse its discretion by failing to appoint counsel to represent inmate in medical malpractice suit against prison doctor because inmate suits against prison officials are common).

Similarly, the court did not abuse its discretion in implicitly denying Conely's motion for a bench warrant. Although inmates cannot be denied access to the courts simply because they are inmates, a prisoner does not have an absolute right to appear in person in every court proceeding. *In the Interest of Z. L. T.*, 124 S.W.3d at 165. "[T]he inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity." *Id*. In deciding whether to grant an inmate's request for a bench warrant, courts consider several factors, including: the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that, cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; and the prisoner's probability of success on the merits. *Id*. at 165-66. The inmate bears the burden of showing how his interest in appearing in court outweighs the impact on the correctional system. *Id*. at 166. Conely has not met this burden. His motion states that his appearance at the hearing on the motions to dismiss is necessary in order to "produce documentary

6

evidence and challenge the documentary evidence advanced by Defendant Brinson and Brackenridge Hospital." However, any evidence that Conely wished to produce could have been submitted by affidavit or attached in documents to his pleadings. The district court did not abuse its discretion in denying Conely's motion for a bench warrant.

## CONCLUSION

We affirm the district court's judgments of dismissal.


_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: July 31, 2007