# NO. 12-07-00231-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIM H. HAMILTON, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *RAYMOND E. THOMPSON, STEVEN R.*<br>*SWIFT, DARRELL W. DEEL, JOEL F.*<br>*BARBOSA, WAYNE E. WHITTEN,*<br>*DAVID W. GREEN, BELINDA F. RASH,*<br>*WILLIAM E. RASH, BENNIE J.*<br>*COLEMAN, JR., T. RODDEY,*<br>*AND ED OWENS,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### MEMORANDUM OPINION

Jim H. Hamilton, Jr., an inmate in the Texas Department of Criminal Justice - Institutional Division ("TDCJ"), proceeding pro se, filed an informa pauperis suit against eleven employees of TDCJ. Hamilton appeals the trial court's order dismissing his suit pursuant to Texas Civil Practices and Remedies Code, section 14.005. In three issues, Hamilton argues that the trial court erred by failing to hold a hearing on his motion for reconsideration, dismissing his lawsuit, and assessing court costs against him. We affirm.

### BACKGROUND

Hamilton is an inmate previously housed in the Coffield Unit of TDCJ. On April 2, 2007, Hamilton, proceeding pro se and in forma pauperis, filed a suit against Appellees Raymond E. Thompson, Steven R. Swift, Darrell W. Deel, Joel F. Barbosa, Wayne E. Whitten, David W. Green,

Belinda F. Rash, William E. Rash, Bennie J. Coleman, Jr., T. Roddey, and Ed Owens. Hamilton alleges that all appellees are employees of TDCJ. In his petition, Hamilton sought a declaratory judgment as well as a preliminary and permanent injunction due to alleged violations in bringing and investigating a disciplinary complaint against him.

On May 15, 2007, the trial court dismissed Hamilton's suit without prejudice because he failed to file the claim before the thirty-first day after receiving the written decision from the grievance system as required under section 14.005 of the Texas Civil Practices and Remedies Code. Hamilton filed a motion for new trial, entitled "motion for reconsideration," that was overruled by operation of law. This appeal followed.

## DISMISSAL OF SUIT UNDER CHAPTER 14

In his second issue, Hamilton argues that the trial court erred in dismissing his suit. Chapter 14 of the Texas Civil Practice and Remedies Code applies to a lawsuit brought by an inmate who has filed an affidavit or unsworn declaration of inability to pay costs and imposes several procedural requirements that must be met before such a lawsuit may proceed. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002-.006 (Vernon 2002). An inmate's suit may be dismissed if it fails to meet the procedural requirements imposed by Chapter 14. *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Specifically, a court shall dismiss a claim if the inmate fails to file a claim before the thirty-first day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (Vernon 2002).

We review a trial court's dismissal of an inmate's in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). Even where a trial court gives an incorrect legal reason for its decision, the trial court's assignment of a wrong reason is not automatically reversible error. *Sells v. Drott*, No. 12-07-00020-CV, 2007 Tex. App. LEXIS 5608, at *3 (Tex. App.–Tyler July 18, 2007,

pet. filed) (mem. op.) (citing *Luxenberg v. Marshall*, 835 S.W.2d 136, 141-42 (Tex. App.–Dallas 1992, no writ)). A trial court does not abuse its discretion if it reaches the right result, even where that result is based upon an incorrect legal reason. *Id.* Therefore, when a trial court gives an incorrect legal reason for its decision, we will nevertheless uphold that decision on any proper grounds supported by the record. *Id.*; *Archer v. Tex. Dep't of Crim. Justice-Institutional Div.*, No. 12-07-00012-CV, 2008 Tex. App. LEXIS 2691, at *6 (Tex. App.–Tyler Apr. 16, 2008, no pet.)(mem. op.). Trial courts are given broad discretion to determine whether an inmate's in forma pauperis suit should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the costs of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Here, the trial court dismissed Hamilton's suit because it concluded the claim was not filed before the thirty-first day after receiving a written decision from the grievance system as required under section 14.005(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). However, Hamilton's affidavit attached to his petition stated that he received the written decision from the grievance system on February 28, 2007. He then mailed his petition, according to his verification, on March 26, 2007, and it was filed on April 2, 2007. It appears that when the trial court determined that Hamilton failed to file his claim before the thirty-first day, it utilized the date of February 6, 2007, the date that the decision was made by the grievance system, as the beginning of the thirty-one day time period. But there is no indication that Hamilton received a copy of the decision from the grievance system on February 6, 2007.

Nonetheless, Hamilton, as an inmate proceeding in forma pauperis, must comply with all the requirements of Chapter 14. Specifically, section 14.004(a) of the Texas Civil Practices and Remedies Code provides that an inmate must file an affidavit of declaration identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1) (Vernon 2002). Further, the inmate must describe each suit that was previously brought by stating the operative facts for which relief was sought, listing the case name, cause number, and the court in which the suit was

3

brought, identifying each party named in the suit, and stating the result of the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2). Although Hamilton listed two previous cases in his affidavit, he did not state the operative facts for which relief was sought in either case. Thus, Hamilton failed to comply with section 14.004(a)(2) and the trial court properly dismissed his suit. *See Archer*, 2008 Tex. App. LEXIS 2691, at *6; *Sells*, 2007 Tex. App. LEXIS 5608, at *3. Hamilton's second issue is overruled.


### HEARING ON MOTION FOR RECONSIDERATION

In his first issue, Hamilton alleges that the trial court erred by not holding a hearing on his motion for reconsideration. A trial court need not hold a hearing on a motion for reconsideration or new trial unless the motion presents questions of material fact upon which evidence must be developed and heard. *See Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 392 (Tex. 1993). Here, Hamilton asserted in his motion for reconsideration that his claim was timely filed and that his affidavit of declaration describing his prior lawsuits was sufficient under section 14.004(a)(2).[1] These matters could be determined from the record without the development of evidence. Therefore, the trial court did not err in failing to hold a hearing on Hamilton's motion for reconsideration. *See id.* Hamilton's first issue is overruled.


### COURT COSTS

In his third issue, Hamilton argues that the trial court erred in ordering him to pay court costs when his suit was not dismissed as frivolous or malicious. Further, he contends that the imposition of such court costs violates his equal protection rights. Section 14.006 of the Texas Civil Practices and Remedies Code provides that a court may order an inmate who has filed a claim to pay court fees, court costs, and other costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a) (Vernon 2002). According to the clear language of the statute, the trial court was authorized to assess court costs against Hamilton even though his claim was not dismissed as frivolous or malicious. We note that the trial court's order also follows subsections (b) and (c) of section 14.006 in ordering the amount

---

[1] Hamilton addressed the affidavit in his motion for reconsideration because the trial court's docket sheet includes a notation that Hamilton "also failed to include affidavit re previous filings as set forth in § 14.004(a)[.]"

of court costs and fees to be paid by Hamilton. Therefore, the trial court did not abuse its discretion in ordering Hamilton to pay court costs. *See **Thomas v. Knight***, 52 S.W.3d 292, 296 (Tex. App.–Corpus Christi 2001, pet denied).

Hamilton also contends that the imposition of court costs against him violates his equal protection rights because his suit was not frivolous and none of the appellees suffered any monetary losses as they had not yet participated in any court proceedings. Hamilton admits that he did not make an equal protection argument to the trial court. A constitutional claim must have been asserted in the trial court in order to be raised on appeal. ***Dreyer v. Greene***, 871 S.W.2d 697, 698 (Tex. 1993). Because Hamilton did not raise his equal protection claim with the trial court, he has waived this argument.

Even had he not waived his equal protection argument, Hamilton would not prevail. To assert an equal protection claim, Hamilton must establish that he was treated differently than other similarly situated parties and that he was treated differently without a reasonable basis. ***Sanders v. Palunsky***, 36 S.W.3d 222, 225 (Tex. App.–Houston [14th Dist.] 2001, no pet.). The procedural requirements of Chapter 14 apply equally to all inmate suits in forma pauperis. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002-.006; ***Sanders***, 36 S.W.3d at 225. The record does not indicate nor has Hamilton shown that he was treated differently than any other indigent Texas inmate. Further, no court has recognized inmates as a suspect class or recognized the right to file successive civil suits as a fundamental right. ***Sanders***, 36 S.W.3d at 225. Because Chapter 14 neither singles out individuals of a suspect class nor implicates a fundamental right, it must only be rationally related to a legitimate state interest to survive an equal protection challenge. ***Id.*** Chapter 14 was "designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." ***Hickson***, 926 S.W.2d at 399. Prohibiting inmates with a history of instituting frivolous and malicious litigation from proceeding in forma pauperis clearly serves to deter such abuses of our judicial system. *See **Sanders***, 36 S.W.3d at 226. Because Hamilton did not establish that he was treated differently than other indigent inmates and the State had a legitimate state interest in instituting Chapter 14, Hamilton's equal protection challenge is without merit.

Hamilton's third issue is overruled.

**DISPOSITION**

Having overruled Hamilton's first, second, and third issues, we ***affirm*** the trial court's order of dismissal.

<u>  BRIAN HOYLE  </u>
Justice

Opinion delivered June 30, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)