Lonnie James SANDERS, Appellant,

v.

Allan PALUNSKY, Chairman of the Texas Board of Criminal Justice, Wayne Scott, Director of the Texas Department of Criminal Justice, and Gary Johnson, Director of the Texas Department of Criminal Justice–Institutional Division, Appellees.

No. 14–00–00150–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 2001.

Lonnie Sanders, Huntsville, Pro Se.

John Cornyn, Austin, for appellees.

Panel consists of Justices YATES, WITTIG, and FROST.

## OPINION

FROST, Justice.

In this case we address whether chapter 14 of the Texas Civil Practices and Remedies Code, governing inmate litigation, violates the equal protection clause of our state and federal constitutions and whether section 14.005(b) of that statute violates the open courts provision of the Texas Constitution. Appellant, Lonnie James Sanders, appeals from an order dismissing his *pro se, in forma pauperis* suit under chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

### I. FACTUAL BACKGROUND

Appellant is an inmate at the Wynne Unit of the Texas Department of Criminal Justice—Institutional Division ("TDCJ–ID"). He filed a suit against appellees, Alan Palunsky, Wayne Scott, and Gary Johnson, alleging his constitutional rights had been violated by certain policies and action taken with regard to appellant's good conduct time. Following an evidentiary hearing, the trial court dismissed appellant's suit because he had failed to comply with the requirements of section 14.005 of the Texas Civil Practice and Remedies Code, governing exhaustion of administrative remedies. From our review of the clerk's record, it appears that appellant failed to file his claim before the 31st day after the date he received the written decision from the grievance system. *See* TEX.

CIV.PRAC. & REM.CODE ANN. § 14.005(b) (Vernon Supp.2000). Under section 14.005(b), a trial court may dismiss an inmate's suit if he fails to timely file it. *See id.*

### II. ISSUES PRESENTED ON APPEAL

On appeal, appellant raises two points of error, asserting: (1) chapter 14 of the Texas Civil Practice and Remedies Code is unconstitutional because it violates the equal protection clauses of the United States and Texas Constitutions; and (2) section 14.005(b) is unconstitutional because it violates the open courts provision found in Article 1, Section 13 of the Texas Constitution, to the extent that it conflicts with the two-year limitations period in section 16.003 of the Texas Civil Practice and Remedies Code.

### A. Constitutionality of Chapter 14 of the Texas Civil Practice and Remedies Code

In his first point of error, appellant contends chapter 14 of the Texas Civil Practice and Remedies Code, which governs inmate litigation, violates the equal protection clauses of the federal and state constitutions because it applies only to indigent inmates. He appears to argue that the statute violates the equal protection clauses because it treats indigent inmates differently from non-indigent inmates.

When analyzing an equal protection claim, we must begin with the presumption that a statute is constitutional. *Enron Corp. v. Spring Indep. Sch. Dist.,* 922 S.W.2d 931, 934 (Tex.1996). The party challenging the constitutionality of a statute bears the burden of demonstrating that the enactment fails to meet constitutional requirements. *Id.* The same requirements are applied under the Texas Constitution as under the United States Constitution. *Reid v. Rolling Fork Pub. Util. Dist.,* 979 F.2d 1084, 1089 (5th Cir. 1992); *Rose v. Doctors Hosp.,* 801 S.W.2d 841, 846 (Tex.1990). The principle of equal protection guarantees that "all persons

similarly situated should be treated alike."
*City of Cleburne v. Cleburne Living Ctr.,*
473 U.S. 432, 439, 105 S.Ct. 3249, 3253–54,
87 L.Ed.2d 313, 320 (1985) (citing *Plyler v.
Doe,* 457 U.S. 202, 216, 102 S.Ct. 2382,
2394, 72 L.Ed.2d 786 (1982)); *see Mayhew
v. Town of Sunnyvale,* 964 S.W.2d 922, 939
(Tex.1998); *In re M.A.C.,* 999 S.W.2d 442,
445 (Tex.App.—El Paso 1999, no pet.).
Thus, to assert an equal protection claim,
the deprived party must establish two elements: (1) that he was treated differently
than other similarly-situated parties; and
(2) he was treated differently without a
reasonable basis. *Executive 100, Inc. v.
Martin County,* 922 F.2d 1536, 1541 (11th
Cir.1991), *cert. denied,* 502 U.S. 810, 112
S.Ct. 55, 116 L.Ed.2d 32 (1991); *City of
Lubbock v. Corbin,* 942 S.W.2d 14, 22 (Tex.
App.—Amarillo 1996, writ denied). Appellant's claim cannot survive even under the
first requirement.

The provisions of chapter 14 apply to *all*
inmate suits in which an affidavit or unsworn declaration of inability to pay costs
is filed. *See* TEX.CIV.PRAC. & REM.CODE
ANN. § 14.002(a) (Vernon Supp.2000) (emphasis added).[1] Appellant does not claim
he is being treated differently from other
indigent inmates; rather, he complains
that he is being treated differently from
non-indigent inmates. Under chapter 14,
all indigent inmates are treated equally.
*See id.* All indigent inmates must comply
with the special filing and time limit requirements of chapter 14. Thus, appellant
has been treated no differently from other
similarly situated parties (indigent inmates). In *Smith v. State,* 898 S.W.2d
838, 846 (Tex.Crim.App.1995), the appellant complained that the Texas Legislature's decision to keep parole information
from capital juries, yet inform non-capital
juries of the same information violated the
equal protection clause. In rejecting this
complaint, the Texas Court of Criminal
Appeals held there was no violation because the appellant was treated the same

as all other capital defendants. *Id.* at 847.
In other words, because the appellant's
complaint was among similarly situated individuals, the equal protection clause was
not violated. *Id.; see also Butler v. State,*
872 S.W.2d 227, 240 (Tex.Crim.App.1994)
(holding that sentencing scheme that permits jury consideration of unadjudicated
offenses, which differs from punishment
scheme in non-capital cases, does not violate equal protection clause).

■ In this case, procedural requirements of chapter 14 apply equally to all
suits brought by Texas inmates where an
affidavit or unsworn declaration of inability
to pay is filed. *See* TEX.CIV.PRAC. & REM.
CODE ANN. § 14.002(a) (Vernon Supp.2000).
Appellant was treated no differently than
any other indigent Texas inmate. Accordingly, we hold that because appellant's
claim in this case is not among similarly
situated individuals, his contention that
chapter 14 violates the equal protection
clause is without merit.

■ Moreover, neither the United
States Supreme Court, nor either of Texas'
high courts has recognized inmates as a
suspect class or recognized the right to file
successive civil suits as a fundamental
right. *See Hicks v. Brysch,* 989 F.Supp.
797, 822, 823 (W.D.Tex.1997) (holding that
neither prisoners nor indigents constitute
suspect class and restriction on ability of
indigent prisoners to proceed *in forma
pauperis* does not implicate any constitutionally protected right *per se*); *Dinkins v.
State,* 894 S.W.2d 330, 342 (Tex.Crim.App.
1995) (holding that criminal defendants are
not suspect class and right to file successive writs is not fundamental right); *Ex
parte Davis,* 947 S.W.2d 216, 228 n. 11
(Tex.Crim.App.1996) (J. Clinton, dissenting). If the challenged statute neither singles out members of a suspect class nor
implicates a fundamental right, then it
need only be rationally related to a legitimate state interest to survive an equal
protection challenge. *See City of Cle-*

---

1. The only exception is actions brought under the Texas Family Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 14.002(b) (Vernon Supp. 2000).

*burne,* 473 U.S. at 440, 473 U.S. 432; *G.D. Searle & Co. v. Cohn,* 455 U.S. 404, 408, 102 S.Ct. 1137, 1141, 71 L.Ed.2d 250 (1982); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 939 (Tex.1998); *Penick v. Christensen,* 912 S.W.2d 276, 286 (Tex. App.—Houston [14th Dist.] 1995, writ denied). Thus, to survive a challenge based on the equal protection clause, chapter 14's restrictions on inmate litigation need only be rationally related to a legitimate state interest. We find they are.

■ The procedural requirements placed on suits filed by indigent inmates under chapter 14 are designed to control the flood of frivolous lawsuits filed in the courts of this state by prison inmates. *McCollum v. Mount Ararat Baptist Church, Inc.,* 980 S.W.2d 535, 537 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no pet.). These suits, which are constant and often duplicative, consume valuable judicial resources with little offsetting benefit. *Hickson,* 926 S.W.2d at 399. Requiring indigent inmates to file affidavits related to their previous filings, to exhaust their administrative remedies, to file suit within 31 days after the decision on their grievance, and to dismiss their suits if they do not comply, furthers the legitimate, even compelling, state interest in protecting scarce judicial resources from the continued onslaught of prisoners who abuse the judicial system by filing frivolous civil lawsuits. *Hicks,* 989 F.Supp. at 823. Prohibiting prisoners with a history of instituting frivolous and malicious litigation from proceeding *in forma pauperis* clearly serves to deter such abuses of our judicial system. *McCollum,* 980 S.W.2d at 537; *Hickson,* 926 S.W.2d at 399; *Hicks,* 989 F.Supp. at 823. Accordingly, we find appellant's equal protection challenge without merit. We overrule appellant's first point of error.

## B. Challenge to Section 14.005(b) as Violative of the Open Courts Provision of the Texas Constitution

■ In point of error two, appellant contends section 14.005(b) of the Texas Civil Practice and Remedies Code violates the open courts provision. Article I, section 13 of the Texas constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. Appellant claims that Section 14.005(b) abridges his rights under this constitutional provision in that it requires an inmate to file suit, where the suit is based on claims that are subject to the prison grievance system, within 31 days after a decision is received from the grievance system. Appellant complains that while indigent inmates must file within 31 days of the decision from the grievance system, other plaintiffs claiming injury to person or property are governed by the less restrictive two-year statute of limitations in section 16.003 of the Texas Civil Practice and Remedies Code. *See* Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon Supp.2000). Again, we reject appellant's contention.

In scrutinizing an open courts challenge, courts apply a two-prong test, asking (1) if the litigant has a "cognizable common law cause of action that is being restricted" and (2) if so, is the restriction "unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Sax v. Votteler,* 648 S.W.2d 661, 666 (Tex.1983); *Thomas v. Bush,* 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000, no pet.). Here, appellant brought suit alleging appellees had violated certain policies and taken other actions adversely affecting his good conduct time, thereby violating his constitutional rights.

■ Assuming appellant has a "cognizable common law cause of action that is being restricted," we consider whether the particular restrictions in section 14.005(b) are unreasonable or arbitrary when balanced against the underling purposes of the statute. Section 14.005(b) provides a

deadline by which inmates must file lawsuits involving complaints that have been the subject of internal administrative review. A state may require inmates to comply with rules that make the trial process possible or that facilitate the functioning of our system of justice. *See Randle v. Wilson,* 26 S.W.3d 513, 516 (Tex.App.—Amarillo 2000, no pet.) (citing *Hodge v. Prince,* 730 F.Supp. 747, 751 (N.D.Tex. 1990), *aff'd,* 923 F.2d 853 (5th Cir.1991)). A limitation period, such as the 31 day period in the case before us, is just such a rule. *Randle,* 26 S.W.3d at 516. The limitation exists to compel litigants to take action and to provide our judicial system an opportunity to timely and efficiently address legitimate claims. Thus, it serves a reasonable purpose. Moreover, it is not unreasonable to expect inmates to comply with the limitation. For a prisoner who already has pursued a grievance through the administrative channels and exhausted those potential remedies, 31 days to convert that grievance into a lawsuit is ample time to act. This is not a circumstance, such as with the statute of limitation provision in section 16.003, in which the inmate merely has 31 days to discover the claim and then initiate suit upon it; he already knows about the claim and already has pursued the administrative steps to act upon it.

We hold that reasonable restrictions on the ability of *pro se* litigants, including inmates, to proceed *in forma pauperis* do not constitute a denial of the constitutional right of access to the courts. *See Hicks,* 989 F.Supp. at 823. The time requirement of section 14.005(b) is a reasonable restriction and does not deny indigent inmates access to the courts or otherwise abridge their rights under the open courts provision of the Texas Constitution. Accordingly, we overrule appellant's second point of error.

We affirm the trial court's judgment.