NO. 12-02-00232-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


L. T. ROBERSON,
§
 APPEAL FROM THE 369TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


MALISA HOWELL, TRACY PASSMORE,

AND MICHAEL D. BLACK,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 L.T. Roberson appeals from the dismissal of his in forma pauperis, pro se inmate suit against
Appellees Malisa Howell, Tracy Passmore, and Michael D. Black. In three issues, Appellant asserts
the trial court erred in dismissing his suit. We affirm.

Background

 Appellant filed a Step 1 grievance on June 18, 2002 complaining of certain acts by each of
the Appellees. It was returned to him on June 19, 2002, without disposition, because the greivable
time period had expired. Appellant filed a Step 2 grievance on June 21, 2002. It was returned to him
on June 26, 2002 because he had not submitted it in the proper manner. He was instructed that he
cannot submit a Step 2 appeal of a Step 1 grievance that had been returned to him unprocessed. On
July 30, 2002, Appellant filed a personal injury suit against Appellees complaining of the acts
described in his grievances. On August 13, 2002, the trial court dismissed the suit without a hearing
based on its finding that Appellant failed to file his claim before the thirty-first day after final action
could be had through the inmate grievance system as required by Chapter 14 of the Civil Practice
and Remedies Code.


Chapter 14 Dismissal

 In three issues, Appellant asserts the trial court should not have required him to comply with
the statutory limitations period of Chapter 14. He argues that application of that statute violates his
rights to due process, equal protection, and access to the courts.

 We review a trial court's dismissal of an inmate's claims under Chapter 14 of the Texas Civil
Practice and Remedies Code under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d
397, 398 (Tex. App.-Waco 1996, no writ). To establish an abuse of discretion, Appellant must show
that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. 
Thomas v. Knight, 52 S.W.3d 292, 294 (Tex. App.-Corpus Christi 2001, pet. denied), cert. denied,
___ U.S.___, 123 S. Ct. 149, 154 L. Ed. 2d 154 (2002). A trial court is to dismiss a claim brought
by an inmate under Chapter 14 if the inmate fails to file the claim before the thirty-first day after the
date the inmate received the written decision from the grievance system. Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(b) (Vernon 2002); Allen v. Texas Dep't of Crim. Justice-Inst. Div., 80 S.W.3d
681, 683 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). Furthermore, administrative exhaustion
is required, even when the grievance process does not permit an award of money damages and the
inmate seeks only money damages, as long as the grievance tribunal has authority to take some
responsive action. Id. at 684.

 Appellant does not dispute that his lawsuit was untimely and a review of the dates set out
above verifies that he did not file his suit within the statutory thirty-one day time limit. Therefore,
the trial court properly dismissed the suit. Id. at 683. 

Equal Protection 

 Appellant asserts that the dismissal abridged certain of his constitutional rights. To assert
an equal protection claim, Appellant must establish two elements: 1) that he was treated differently
than other similarly situated parties, and 2) that he was treated differently without a reasonable basis. 
Sanders v. Palunsky, 36 S.W.3d 222, 225 (Tex. App.-Houston [14th Dist.] 2001, no pet.). The
provisions of Chapter 14 apply to all inmate suits in which an affidavit or unsworn declaration of
inability to pay costs is filed, and all indigent inmates are treated equally. Tex. Civ. Prac. & Rem.
Code Ann. § 14.002(a) (Vernon 2002); Sanders, 36 S.W.3d at 225. The procedural requirements
of Chapter 14 further the legitimate state interest in protecting scarce judicial resources from
prisoners who abuse the judicial system by filing frivolous civil lawsuits. Sanders, 36 S.W.3d at
226. Therefore, as Appellant has met neither element of an equal protection challenge, his claim is
without merit.

Open Courts

 In considering an open courts challenge, courts apply a two-prong test, asking if the litigant
has a "cognizable common law cause of action that is being restricted" and if so, whether the
restriction is "unreasonable or arbitrary when balanced against the purpose and basis of the statute." 
Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983). Section 14.005(b) provides a deadline by which
inmates must file lawsuits involving complaints that have been the subject of internal administrative
review. A state may require inmates to comply with rules that make the trial process possible or that
facilitate the functioning of our system of justice. Sanders, 36 S.W.3d at 227. Reasonable
restrictions on the ability of pro se inmate litigants to proceed in forma pauperis, such as the
requirement of section 14.005(b), do not constitute a denial of the constitutional right of access to
the courts. Randle v. Wilson, 26 S.W.3d 513, 515-16 (Tex. App.-Amarillo 2000, no pet.); Sanders,
36 S.W.3d at 227. Therefore, Appellant's claim of denial of access to the courts fails.

Due Process

 Appellant's due process complaint seems to be that his due process rights were violated when
he was denied access to the courts. We have determined that application of section 14.005(b) does
not unlawfully deprive an inmate of access to the courts. Therefore, Appellant's due process
argument fails. We overrule issues one, two, and three.

 We affirm the trial court's order of dismissal.


 SAM GRIFFITH 

 Justice


Opinion delivered March 14, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.



(PUBLISH)