NO. 07-05-0362-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 20, 2006


______________________________



VINCE ARTHUR HALL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,685-D; HON. DON EMERSON, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Vince Arthur Hall, appeals from an order revoking his community
supervision. Originally, he was convicted of possessing a controlled substance upon his
plea of guilty in accordance with a plea agreement. Imposition of his five-year prison
sentence was suspended on May 6, 2005, and the trial court placed him on community
supervision for five years. Thereafter, the State moved to revoke his probation alleging
that he violated four conditions of same. At the hearing on his motion, he pled true to
violating one condition and acknowledged violating at least one more while undergoing
examination. Thereafter, the trial court granted the motion to revoke and ordered that he
now serve the original five-year sentence. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (1) brief wherein she certified that, after diligently searching the record, she has
concluded that the appeal is without merit. So too did she represent to this court that she
copied appellant with her brief and informed him of both her belief that there was no
reversible error and his right to file a response or brief pro se. By letter dated February 21,
2006, this court also informed appellant of his right to tender his own brief or response by
March 23, 2006. Appellant filed a response on March 13, 2006.

 In compliance with the principles discussed in Anders, appellate counsel discussed 
several potential areas of appeal and then explained why the trial court's order was sound. 
We too reviewed the record, sua sponte, and found no arguably meritorious issue. Nor did
we find any of the conclusory allegations in appellant's response arguably meritorious. 

 There being no issue warranting reversal of the trial court's order revoking
appellant's community supervision, we affirm it and also grant appellate counsel's motion
to withdraw.


 Brian Quinn 

 Chief Justice 


Do not publish.
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



rievance system with the trial court. § 14.005(a)(2). The requirement that a copy
of the decision of the grievance system be filed with the trial court ensures that the inmate
has, in fact, exhausted his administrative remedies. See Smith v. Tex. Dep't Of Criminal
Justice-Inst. Div., 33 S.W.3d 338, 341 (Tex.App.-Texarkana 2000, pet. denied). Requiring
inmates to meet all of the statutory requirements of Chapter 14 of the Texas Civil Practice
and Remedies Code furthers the legitimate, even compelling, state interest of protecting
scarce judicial resources from continued the onslaught of prisoners who abuse the judicial
system by filing frivolous civil lawsuits. Sanders v. Palunsky, 36 S.W.3d 222, 226
(Tex.App.-Houston [14th Dist.] 2001, no pet.) (citing Hicks v. Brysch, 989 F.Supp. 797, 823
(W.D. Tex. 1997)). 

 The record before the court demonstrates that appellant did not file copies of the
decision of the grievance system for either of the grievances that are the subject of
appellant's suit. Instead, appellant hand-typed the purported decisions of the grievance
system and then filed a separate document attesting to the truthfulness of these
documents. These documents do not meet the requirements of the statute. § 14.005(a)(2). 
There is nothing filed with the trial court that shows that appellant has complied with the
requirement that he exhaust his administrative remedies. Therefore, the trial court's
dismissal was pursuant to the statutory scheme established by the legislature. (2) See §§
14.001- .014. Accordingly, the decision to dismiss was not made without reference to any
guiding rules and principles nor was the decision arbitrary and unreasonable. Williams,
199 S.W.3d at 464. Appellant's issue is overruled. 

Conclusion


 Having overruled appellant's sole issue, the trial court's judgment is affirmed. 


 Mackey K. Hancock

 Justice





Pirtle, J., dissenting. 

1. Further references to the Texas Civil Practice & Remedies Code will be by
reference to "§ __."
2. Appellate claims it is impossible for him to provide the copies required and ask us
to reverse the trial court for that reason alone. Appellant is asking us to add another
consideration to the statutory scheme. Such action on our part would be legislating from
the bench, which we cannot do. See Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579
(1892).