NO. 07-07-0163-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 29, 2008


 ______________________________



MICHAEL LOU GARRETT, APPELLANT



V.



JACK M. BORDEN, ET AL., APPELLEES


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 94198-00-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Michael Lou Garrett (Garrett) an inmate of the Texas Department of Criminal
Justice, Institutional Division (TDCJ-ID), appeals from a final order dismissing his suit
against Jack M. Borden, et al (collectively Borden). Garrett contends that the trial court
erred in dismissing his suit for failure to comply with the provisions of section 14.005(a)(2)
of the Texas Civil Practice and Remedies Code. We affirm.


Background


 Garrett attempted to sue Borden and a number of other TDCJ-ID employees for
numerous alleged civil rights violations. The complaint had originally been the subject of
two grievances tendered to the TDCJ-ID. After the TDCJ-ID rejected the grievances,
Garrett filed suit pro se and in forma pauperis. The trial court originally dismissed the suit
for failure to state a claim; however, upon appeal, this decision was reversed and the case
was remanded to the trial court. Upon remand and after answers had been filed, Borden
filed a motion to dismiss pursuant to section 14.005(a)(2) of the Texas Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2006). (1) 
The trial court granted the motion to dismiss and this appeal followed.

Standard of Review


 As an appellate court, we review the dismissal of an in forma pauperis suit filed by
an inmate under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398
(Tex.App.-Waco 1996, no writ). A trial court abuses its discretion when it acts without
reference to any guiding rules and principles or when the trial court's actions were arbitrary
and unreasonable. Williams v. Nelson, 199 S.W.3d 462, 464 (Tex.App.-Houston [1st Dist.]
2006, pet. filed). 


Analysis


 The statutory scheme for inmate litigation is contained in the Texas Civil Practice
and Remedies Code. See §§ 14.001-.014. An inmate filing a law suit which is subject to
the grievance system established by TDCJ-ID must exhaust the grievance process before
filing suit. § 14.005(a)(1). Such inmate must likewise file a copy of the written decision
from the grievance system with the trial court. § 14.005(a)(2). The requirement that a copy
of the decision of the grievance system be filed with the trial court ensures that the inmate
has, in fact, exhausted his administrative remedies. See Smith v. Tex. Dep't Of Criminal
Justice-Inst. Div., 33 S.W.3d 338, 341 (Tex.App.-Texarkana 2000, pet. denied). Requiring
inmates to meet all of the statutory requirements of Chapter 14 of the Texas Civil Practice
and Remedies Code furthers the legitimate, even compelling, state interest of protecting
scarce judicial resources from continued the onslaught of prisoners who abuse the judicial
system by filing frivolous civil lawsuits. Sanders v. Palunsky, 36 S.W.3d 222, 226
(Tex.App.-Houston [14th Dist.] 2001, no pet.) (citing Hicks v. Brysch, 989 F.Supp. 797, 823
(W.D. Tex. 1997)). 

 The record before the court demonstrates that appellant did not file copies of the
decision of the grievance system for either of the grievances that are the subject of
appellant's suit. Instead, appellant hand-typed the purported decisions of the grievance
system and then filed a separate document attesting to the truthfulness of these
documents. These documents do not meet the requirements of the statute. § 14.005(a)(2). 
There is nothing filed with the trial court that shows that appellant has complied with the
requirement that he exhaust his administrative remedies. Therefore, the trial court's
dismissal was pursuant to the statutory scheme established by the legislature. (2) See §§
14.001- .014. Accordingly, the decision to dismiss was not made without reference to any
guiding rules and principles nor was the decision arbitrary and unreasonable. Williams,
199 S.W.3d at 464. Appellant's issue is overruled. 

Conclusion


 Having overruled appellant's sole issue, the trial court's judgment is affirmed. 


 Mackey K. Hancock

 Justice





Pirtle, J., dissenting. 

1. Further references to the Texas Civil Practice & Remedies Code will be by
reference to "§ __."
2. Appellate claims it is impossible for him to provide the copies required and ask us
to reverse the trial court for that reason alone. Appellant is asking us to add another
consideration to the statutory scheme. Such action on our part would be legislating from
the bench, which we cannot do. See Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579
(1892).


                                                       Chief Justice