NO. 07-07-0163-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 29, 2008
_____

MICHAEL LOU GARRETT, APPELLANT

V.

JACK M. BORDEN, ET AL., APPELLEES
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94198-00-A; HONORABLE HAL MINER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Michael Lou Garrett (Garrett) an inmate of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), appeals from a final order dismissing his suit against Jack M. Borden, et al (collectively Borden).  Garrett contends that the trial court erred in dismissing his suit for failure to comply with the provisions of section 14.005(a)(2) of the Texas Civil Practice and Remedies Code.  We affirm.

## Background

Garrett attempted to sue Borden and a number of other TDCJ-ID employees for numerous alleged civil rights violations. The complaint had originally been the subject of two grievances tendered to the TDCJ-ID. After the TDCJ-ID rejected the grievances, Garrett filed suit *pro se* and *in forma pauperis*. The trial court originally dismissed the suit for failure to state a claim; however, upon appeal, this decision was reversed and the case was remanded to the trial court. Upon remand and after answers had been filed, Borden filed a motion to dismiss pursuant to section 14.005(a)(2) of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001-.014 (Vernon 2006).[1] The trial court granted the motion to dismiss and this appeal followed.

## Standard of Review

As an appellate court, we review the dismissal of an *in forma pauperis* suit filed by an inmate under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or when the trial court's actions were arbitrary and unreasonable. Williams v. Nelson, 199 S.W.3d 462, 464 (Tex.App.–Houston [1st Dist.] 2006, pet. filed).

---

[1]Further references to the Texas Civil Practice & Remedies Code will be by reference to "§ __."

Analysis

The statutory scheme for inmate litigation is contained in the Texas Civil Practice and Remedies Code.  See §§ 14.001-.014.  An inmate filing a law suit which is subject to the grievance system established by TDCJ-ID must exhaust the grievance process before filing suit.  § 14.005(a)(1).  Such inmate must likewise file a copy of the written decision from the grievance system with the trial court. § 14.005(a)(2).  The requirement that a copy of the decision of the grievance system be filed with the trial court ensures that the inmate has, in fact, exhausted his administrative remedies.  See Smith v. Tex. Dep't Of Criminal Justice-Inst. Div., 33 S.W.3d 338, 341 (Tex.App.–Texarkana 2000, pet. denied).  Requiring inmates to meet all of the statutory requirements of Chapter 14 of the Texas Civil Practice and Remedies Code furthers the legitimate, even compelling, state interest of protecting scarce judicial resources from continued the onslaught of prisoners who abuse the judicial system by filing frivolous civil lawsuits.  Sanders v. Palunsky, 36 S.W.3d 222, 226 (Tex.App.–Houston [14th Dist.] 2001, no pet.) (citing Hicks v. Brysch, 989 F.Supp. 797, 823 (W.D. Tex. 1997)).

The record before the court demonstrates that appellant did not file copies of the decision of the grievance system for either of the grievances that are the subject of appellant's suit.  Instead, appellant hand-typed the purported decisions of the grievance system and then filed a separate document attesting to the truthfulness of these documents. These documents do not meet the requirements of the statute. § 14.005(a)(2). There is nothing filed with the trial court that shows that appellant has complied with the requirement that he exhaust his administrative remedies.  Therefore, the trial court's

3

dismissal was pursuant to the statutory scheme established by the legislature.[2]  See §§ 14.001- .014.  Accordingly, the decision to dismiss was not made without reference to any guiding rules and principles nor was the decision arbitrary and unreasonable.  Williams, 199 S.W.3d at 464.  Appellant's issue is overruled.

Conclusion

Having overruled appellant's sole issue, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Pirtle, J., dissenting.

---

[2]Appellate claims it is impossible for him to provide the copies required and ask us to reverse the trial court for that reason alone.  Appellant is asking us to add another consideration to the statutory scheme. Such action on our part would be legislating from the bench, which we cannot do.  See Turner v. Cross, 83 Tex. 218, 18 S.W. 578, 579 (1892).