NO. 12-10-00349-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

DONALD RAY MCCRAY,                           §                      APPEAL
FROM THE 369TH

APPELLANT

 

V.                                            

                                                                        §                      JUDICIAL
DISTRICT COURT 

DOUGLAS D. MULDER,

PRUDENTIAL INSURANCE

COMPANY AND ANNE ASHBY,

APPELLEES                                                 §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

Donald
Ray McCray appeals from the trial court’s dismissal of his suit under Chapter
Fourteen of the Texas Civil Practice and Remedies Code.  He raises four issues
on appeal.[1]  We affirm.

 

Background

Donald
Ray McCray sued Douglas D. Mulder, Prudential Insurance Company, and former
District Judge Anne Ashby in a document entitled, “Petition Against Violation
of Contract by Con and Swindling of Twenty Five Thousand Dollars and Insurance
Bribery.”  Although McCray’s claims are difficult to comprehend, it appears as
though he alleges that he paid $25,000 to Mulder to represent him in a legal
matter.  According to McCray, Mulder subsequently withdrew from representing
McCray and failed to return McCray’s $25,000.  Additionally, it appears as
though McCray alleges that Prudential paid $150,000 to Ashby in exchange for
rulings favorable to Prudential and unfavorable to McCray.  McCray brought his
pro se in forma pauperis suit as an indigent inmate.  

The
trial court determined that McCray’s lawsuit was frivolous pursuant to Chapter Fourteen
of the Texas Civil Practice and Remedies Code and dismissed it without a
hearing.  This appeal followed. 

 

Dismissal of Suit

            In
his first issue, McCray argues that the trial court erred and abused its
discretion when it dismissed his suit.

Standard
of Review

We
review the trial court’s dismissal of an in forma pauperis suit under an
abuse of discretion standard.  See Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ).  A trial court abuses its
discretion if it acts arbitrarily, capriciously, and without reference to any
guiding rules or principles.  See Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.).  We will affirm
a dismissal if it was proper under any legal theory.  See Johnson
v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament,
814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).  The trial courts are
given broad discretion to determine whether a case should be dismissed because
(1) prisoners have a strong incentive to litigate; (2) the government bears the
cost of an in forma pauperis suit; (3) sanctions are not effective; and
(4) the dismissal of unmeritorious claims accrue to the benefit of state
officials, courts, and meritorious claimants.  See Montana v.
Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Applicable
Law

Chapter
Fourteen of the Texas Civil Practice and Remedies Code controls suits brought
by an inmate when the inmate filed an affidavit or unsworn declaration of
inability to pay costs.[2]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon
2002); Hickson, 926 S.W.2d at 398.  An inmate filing such a suit must
comply with the procedural requirements set forth in Chapter Fourteen.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to fulfill those procedural
requirements will result in the dismissal of an inmate’s suit.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.003 (Vernon 2002); Brewer v. Simental, 268 S.W.3d 763 (Tex.
App.–Waco 2008, no pet.) (citing Bell v. Texas Dep’t of Crim.
Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.–Houston
[14th Dist.] 1998, pet. denied)).

Among
these procedural requirements contained in Chapter Fourteen is that an inmate
must file an affidavit or declaration identifying each suit he has previously
brought, other than a suit under the Family Code, in which he was not
represented by an attorney, without regard to whether he was an inmate at the
time the suit was brought.  Tex. Civ.
Prac. & Rem. Code Ann. § 14.004(a).  For each suit, the inmate must
state the operative facts for which relief was sought, set forth the case name,
cause number, and the court in which the suit was brought, identify each party
named in the suit, and state the result of the suit.  Id 

A
trial court may dismiss a claim if the court finds that the claim is frivolous
or malicious.  See Tex. Civ.
Prac. & Rem. Code Ann. §14.003(a)(2) (Vernon 2002).  In determining
whether a claim is frivolous or malicious, a trial court may consider whether
the claim is substantially similar to a previous claim filed by the inmate that
arises out of the “same operative facts.”  Id. § 14.003(b)(4).  

When
an inmate files an affidavit or declaration that fails to comply with the
requirements of Section 14.004, “the trial court is entitled to assume that the
suit is substantially similar to one previously filed by the inmate, and
therefore, frivolous.”  Bell v. Tex. Dep’t of Criminal Justice,
962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).  In
such an instance, the trial court may dismiss the suit on the grounds that it
is frivolous or malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4); Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.).

Analysis

            McCray
failed to comply with the procedural requirements of Chapter Fourteen.  McCray
filed three affidavits regarding previous litigation.  In one affidavit, he listed
seven cases, in another fifteen, and in another eight.  McCray did not state
that his affidavits listed all of his previous cases.  Instead, he simply stated,
in each affidavit, that it was an affidavit concerning his previous filings.

            Additionally,
McCray failed to provide all of the required information about his previous
filings.  In several of the cases listed, he failed to provide the operative
facts for which relief was sought.  He also listed the style of some of the
cases by identifying one defendant by name and then utilizing “et al,”
rather than listing each party to the suit.  For several of the cases, he failed
to identify the court.  He also failed to disclose the result of the litigation
for at least three of the cases.  Instead, McCray simply stated that the cases
were still pending in 2001.

The
requirements of Chapter Fourteen are much more exacting.  McCray failed to
comply with his duty regarding identifying each suit previously brought
including the operative facts, all parties, the court, and the results of the
previous litigation. Tex. Civ. Prac.
& Rem. Code Ann. § 14.004(a).  Chapter Fourteen requires full
disclosure of all previous cases brought. See id.  By
limiting the information provided and failing to state that he had identified
every suit, other than a suit under the Family Code, that he had previously
brought, McCray failed to comply with the requirements of Chapter Fourteen.  See
id.  

The
trial court could reasonably conclude that this lawsuit was frivolous because
McCray failed to disclose all of the required information about his previous
litigation.  See Bell, 962 S.W.2d at 158.  In
addition, the trial court could conclude that the present claim was frivolous
because the issues had already been litigated between the parties.  See Tex. Civ. Prac. & Rem. Code Ann. at
§ 14.003(b).  In one of the affidavits, McCray claims that he “. . . filed
a civil petition against violation of contract by con and swindling of twenty
five thousand dollars, with this county, in:  Donald Ray McCray vs. Dougles D.
Mulder, et al, . . . .”  According to his affidavit, the trial court in Dallas
County dismissed this suit pursuant to Chapter Fourteen.  Although McCray did
not provide all the required information for this case, the trial court could
reasonably conclude that this claim is substantially similar to a previous
claim filed by McCray in Dallas County because the claim arises from the same
operative facts.  Id. at § 14.003(b).  Accordingly, the trial
court did not err in determining that McCray’s claim was frivolous.  We
overrule McCray’s first issue. 

 

Equal Protection

In
his second issue, McCray argues that the trial court violated his right to equal
protection under the law by dismissing his suit.  McCray did not make an equal protection argument to the trial court.  A constitutional claim must be asserted
in the trial court as a prerequisite to raising such a claim on appeal.  Dreyer
v. Greene, 871 S.W.2d 697, 698 (Tex. 1993).  Because McCray did not
raise his equal protection claim with the trial court, he has failed to
preserve this argument for appellate review.  Id.

Even
had he preserved this argument for our review, McCray would not prevail.  To
assert an equal protection claim, McCray must establish that he was treated
differently than other similarly situated parties without a reasonable basis.  Sanders
v. Palunsky, 36 S.W.3d 222, 225 (Tex. App.–Houston [14th Dist.] 2001,
no pet.).  The procedural requirements of Chapter Fourteen apply equally to all
pro se in forma pauperis inmate suits.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.002-.006; Sanders, 36 S.W.3d at 225.  The record does not
indicate, nor has McCray shown, that he was treated differently from any other
indigent Texas inmate.  Further, no court has recognized inmates as a suspect
class or recognized the right to file successive civil suits as a fundamental
right.  Sanders, 36 S.W.3d at 225. 

Because
Chapter Fourteen neither singles out individuals of a suspect class nor
implicates a fundamental right, it must only be rationally related to a
legitimate state interest to survive an equal protection challenge.  Id. 
Chapter Fourteen was “designed to control the flood of frivolous lawsuits being
filed in the courts of this State by prison inmates, consuming valuable
judicial resources with little offsetting benefit.”  Hickson, 926
S.W.2d at 399.  Prohibiting inmates with a history of instituting frivolous and
malicious litigation from proceeding in forma pauperis clearly serves to
deter such abuses of our judicial system.  See Sanders, 36 S.W.3d
at 226.  Because McCray did not establish that he was treated differently from other
indigent inmates and the state had a legitimate state interest in enforcing the
procedural requirements imposed by Chapter Fourteen, McCray’s equal protection
challenge is without merit.  We overrule McCray’s second issue.

 

Hearing

            In
his third issue, McCray argues that the trial court erred and abused its
discretion when it failed to conduct a hearing before dismissing McCray’s claims.

McCray
failed to bring this complaint to the trial court.  To preserve a complaint for
appellate review, a party must present the complaint to the trial court by a
timely request, objection, or motion that states the grounds for the ruling
that the complaining party sought from the trial court with sufficient
specificity to make the trial court aware of the complaint.  See Tex. R. App. P. 33.1.  This rule
ensures that the trial court has had the opportunity to rule on matters for
which parties later seek appellate review.  In re E. Tex. Med. Ctr.
Athens, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig. proceeding).  

Even
if he had preserved his issue, a trial court is not required to conduct a
hearing before dismissing a case pursuant to Chapter Fourteen.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(c).  Instead, the question of whether to hold a hearing is committed to
the trial court’s discretion.  Id.; Hamilton v. Pechacek,
319 S.W.3d 801, 810 (Tex. App.–Fort Worth 2010, no pet.).  Because McCray raises
only the bare claim that he was entitled to a hearing, he has failed to show
that the trial court abused its discretion in dismissing this lawsuit without
first holding a hearing.  This is especially so as McCray’s own pleadings show
that a lawsuit very similar to this one had previously been dismissed as
frivolous.  We overrule McCray’s third issue.  

 

Cause Number

            In
his fourth issue, McCray argues that the trial court and district clerk erred
when they failed to provide him with the cause number for his case.  To the
extent that McCray complains of an action by the district clerk, we are without
jurisdiction to review his complaint.  The scope of our appellate jurisdiction
is limited to reviewing decisions by a lower court; we lack appellate jurisdiction
over an act of the district clerk.  See Newman v. Castro, No.
12-04-00051-CV, 2005 WL 1243418, at *2 n.5 (Tex. App.–Tyler May 25, 2005, pet.
dism’d w.o.j.) (mem. op.).  Moreover, there is no indication that McCray
informed the trial court about the error he alleges it committed.  See Tex. R. App. P. 33.1.  Therefore,
McCray has failed to preserve his complaint about the trial court for our
review.  See id.  And finally, the rules of civil procedure do
not impose a duty on the trial court to notify a litigant of the file number
assigned to its case.  We overrule McCray’s fourth issue. 

 

Disposition

            Having
overruled McCray’s first, second, third, and fourth issues, we affirm the
judgment of the trial court.

                                                                                    Brian Hoyle

                                                                    
     Justice

 

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)









                [1]
McCray did not state concisely all issues presented for review.  See Tex. R. App. P. 38.1(f).  He further
failed to number his issues.  For purposes of our review, we have organized
McCray’s claims into four issues.  

 





[2] Chapter Fourteen does not apply
to an action brought under the Texas Family Code.  Tex. Civ. Prac. & Rem. Code Ann. 14.002(b).