NO. 07-11-00265-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2012

GERALD ALLEN PERRY, APPELLANT

v.

GENE KROLL, APPELLEE

FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-09-002170; HONORABLE RHONDA HURLEY, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, inmate Gerald Allen Perry, appeals the trial court's judgment dismissing his suit against Gene A. Kroll. Perry contends that requirements imposed by Chapter 14 of the Texas Civil Practice and Remedies Code amount to a violation of his right to equal protection of the law. He also maintains that the trial court abused its discretion by dismissing his suit pursuant to Chapter 14. We will affirm.

Factual and Procedural History

After Perry was found guilty of a disciplinary conviction for assaulting a correctional officer, he sought redress through the TDCJ grievance system for the conviction and a number of constitutional violations he associated with said conviction. After his several grievances were ultimately unsuccessful, Perry sued Kroll, Warden of the Stiles Unit of the ID-TDCJ, alleging that Kroll failed to correct a number of due process violations associated, in most part, with Perry's disciplinary conviction.

Kroll responded to Perry's allegations by filing a motion to dismiss Perry's suit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. More specifically, Kroll maintained that Perry failed to file a sufficient affidavit of previous filings, failed to file a certified copy of his trust account statement, and failed to comply with requirements for proving that he exhausted his administrative remedies. See TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004–.006 (West 2002). Further, Kroll argued that, because Perry does not allege a cause of action, his claims have no basis in law and are, therefore, frivolous or malicious as defined in Chapter 14. See id. § 14.003 (West 2002).

Perry opposed Kroll's motion to dismiss, making assertions, *inter alia*, that the claims he advanced against Kroll were of such a nature that they could be brought outside certain procedural constraints of Chapter 14. On April 14, 2011, the trial court dismissed Perry's suit "as frivolous for failure to comply with Chapter 14" of the Texas Civil Practice and Remedies Code. We affirm the trial court's judgment dismissing Perry's suit.

Equal Protection

In his first issue, Perry contends that Section 14.003[1] on its face violates his right to equal protection under the law by permitting dismissal of his suit.[2] See U.S. CONST. amend. XIV. We first observe that Perry did not advance an equal protection argument to the trial court. Even a claim that a provision is facially unconstitutional must be asserted in the trial court as a prerequisite to raising such a claim on appeal. TEX. R. APP. P. 33.1; Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993).[3] Because Perry failed to raise his equal protection claim in the trial court, he has failed to preserve this argument for our review. See Dreyer, 871 S.W.2d at 698.

However, even if he had preserved this argument for our review, Perry's position would still fail. To successfully assert an equal protection claim, the complaining party must establish two elements: (1) that he was treated differently than other similarly situated parties and (2) that he was treated differently without a reasonable basis. Sanders v. Palunsky, 36 S.W.3d 222, 225 (Tex.App.—Houston [14th Dist.] 2001, no

---

[1] Except as otherwise noted, all subsequent references to "section" or "sections" refer to provisions of the Texas Civil Practice and Remedies Code.

[2] Within his argument, Perry also once refers to the impact of Section 14.003 "as applied" to him.

[3] Both this Court and the Austin Court, from which this case was transferred, have applied this preservation requirement. See Tau Kappa Epsilon v. USA Bus Charter, Inc., No. 03-10-00768-CV, 2011 Tex. App. LEXIS 5946, at *11–12 n.5 (Tex.App.—Austin July 28, 2011, pet. denied) (mem. op.) (citing Dreyer for position that a constitutional claim must have been asserted in trial court to be properly raised on appeal); Conner v. Johnson, No. 07-10-00085-CV, 2011 Tex. App. LEXIS 5589, at *4 (Tex.App.—Amarillo July 21, 2011, no pet.) (mem. op.) (concluding that "[a] party waives the right to raise a constitutional claim . . . on appeal if that claim is not presented to the trial court); see also TEX. R. APP. P. 41.3.

pet.) (citing City of Lubbock v. Corbin, 942 S.W.2d 14, 22 (Tex.App.—Amarillo 1996, writ denied)).

Perry fails to make such a showing. Nothing in the record demonstrates that Perry was treated differently from any other indigent Texas inmate. To the contrary, Chapter 14's special filing requirements apply to all indigent inmates. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2002); Sanders, 36 S.W.3d at 225. That said, among similarly situated parties–that is, indigent Texas inmates–Perry is treated no differently.

Further, we are aware of no court having recognized inmates as a suspect class or recognized the right to file successive civil suits as a fundamental right. See Sanders, 36 S.W.3d at 225, and cases cited therein. Though Perry attempts to somehow place himself in a suspect class by explaining that he is "a member of a protected class, African American[,] and he is too poor to pay the filing fee because" he is wrongfully convicted, he goes on to acknowledge the essence of his argument: that the Legislature, by way of Chapter 14, has created two classes of litigants "'those who pay the filing fees' and 'those who can't pay the filing fees in the Texas Civil Courts.'"

Chapter 14 neither singles out individuals of a suspect class nor implicates a fundamental right and, therefore, must only be rationally related to a legitimate state interest to survive an equal protection challenge. See id. Chapter 14 was "designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." Hickson v. Moya, 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no writ). Prohibiting inmates with

4

a history of instituting frivolous and malicious litigation from proceeding *in forma pauperis* serves to deter such abuses of our judicial system.  See Sanders, 36 S.W.3d at 226.  Because Perry did not establish that he was treated differently from other indigent Texas inmates and because the State has a legitimate interest in enforcing the procedural requirements imposed by Chapter 14, Perry's equal protection claim, even if properly preserved, would fail.  We overrule Perry's first issue.

Dismissal under Chapter 14

Chapter 14 of the Texas Civil Practice and Remedies Code applies to an inmate's suit in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.  See TEX. CIV. PRAC. & REM. CODE ANN. § 14.002.  We review a trial court's dismissal of a lawsuit subject to Chapter 14 for an abuse of discretion.  In re Douglas, 333 S.W.3d 273, 293 (Tex.App.—Houston [1st Dist.] 2010, pet. denied).

Perry filed an unsworn declaration of previous filings that was, by his own unequivocal admission to this Court, inadequate.[4]  With respect to the declaration of previous filings, Chapter 14 requires the following:

---

[4] We note that our cursory review suggests that Perry's declaration, which identifies only nine previous filings, omits a good deal more than what he concedes in his brief.  For instance, he omitted at least four cases, including both original proceedings and appeals from unlisted trial court causes, filed in our sister court in Texarkana in the time before he filed his petition in the instant case.  See In re Perry, No. 06-08-00032-CV, 2008 Tex. App. LEXIS 2479 (Tex. App.—Texarkana Apr. 9, 2008, orig. proceeding) (mem. op.); Perry v. Stanley, No. 06-03-00045-CV, 2003 Tex. App. LEXIS 9691 (Tex. App.—Texarkana Nov. 14, 2003, no pet.) (mem. op.); In re Perry, No. 06-03-00039-CV, 2003 Tex. App. LEXIS 2512 (Tex. App.—Texarkana Mar. 26, 2003, orig. proceeding) (mem.op.); Perry v. Stanley, 83 S.W.3d 819 (Tex. App.—Texarkana 2002, no pet.).  It is also worth noting that, since the filing of his petition in the instant

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 14.001 or Section 14.003 or otherwise.

(b) If the affidavit or unsworn declaration filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.

(c) The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).

TEX. CIV. PRAC. & REM. CODE ANN. § 14.004.

Among the several grounds on which a trial court may dismiss a suit subject to Chapter 14 is the finding that the inmate's suit is frivolous or malicious. See id. § 14.003(a)(2). In determining whether a claim is frivolous or malicious, the trial court may consider a number of factors, one of which is whether "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." Id. § 14.003(b)(4). The trial court may assume such is the case when the inmate litigant fails to comply with Section 14.004. That is, when an indigent inmate

case, he has filed no less than four other cases in sister courts in Austin, Houston, and Texarkana and several more in federal courts.

wholly fails to file an affidavit or unsworn declaration of previous filings in compliance with section 14.004, the trial court may assume the suit at issue is substantially similar to one previously filed by the inmate and, therefore, frivolous. See Bell v. Tex. Dep't of Crim. Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); see also Amir-Sharif v. Mason, 243 S.W.3d 854, 858 (Tex.App.— Dallas 2008, no pet.) (concluding that section 14.004's affidavit or declaration is mandatory and failure to file it is grounds alone to dismiss).

Likewise, when an inmate litigant files an unsworn declaration of previous filings but his declaration is inadequate or insufficient to comply with section 14.004's requirements, the trial court may also dismiss the case before it on the assumption that it is substantially similar to a previously filed case.[5] See Williams v. Tex. Dep't of Crim. Justice-Institutional Div., 176 S.W.3d 590, 593 (Tex.App.—Tyler 2005, pet. denied) (concluding that declaration was inadequate when it failed to set forth operative facts in sufficient detail, state whether the prior suits were dismissed as frivolous or malicious, and provide the dates dismissals were affirmed). Both this Court and the Austin court have approached deficient declarations of previous filings in this manner. See Enriquez v. Hurley, No. 03-10-00017-CV, 2010 Tex. App. LEXIS 6810, at *3–5 (Tex.App.—Austin

---

[5] Though, on appeal, Perry explains his omissions and argues that such omissions would not reasonably permit the assumption that this case was substantially similar to any of the omitted cases, the trial court, nonetheless, could have found the declaration deficient and could have applied the assumption. The trial court is not required to investigate the information omitted or obscured by the deficiencies and, upon having concluded that the declaration was deficient, could have utilized the presumption. It, therefore, did not abuse its discretion by dismissing on that basis. Further, as we have noted, the declaration seems to be more deficient that Perry admits in his brief.

7

Aug. 20, 2010, pet. denied) (concluding that inadequacy of section 14.004 unsworn declaration was independent ground to support dismissal when inmate filed "a false declaration" in which he identified only three prior suits but had filed at least eighteen others); see also Harrison v. Kiper, No. 07-07-00322-CV, 2008 Tex. App. LEXIS 7225, at *7–8 (Tex.App.—Amarillo Sept. 25, 2008, pet. denied); Lagaite v. Livingston, No. 03-07-00067-CV, 2008 Tex. App. LEXIS 7478, at *5 (Tex.App.—Austin Aug. 27, 2008, pet. denied).

Having concluded that Perry's failure to file a sufficient unsworn declaration of previous filings is an independent basis supporting the trial court's dismissal,[6] we conclude that the trial court did not abuse its discretion by dismissing Perry's suit and overrule Perry's second issue. See Enriquez, 2010 Tex. App. LEXIS 6810, at *5–6.

Conclusion

Having overruled Perry's two issues, we affirm the trial court's judgment.


Mackey K. Hancock
Justice

---

[6] Perry also contends that, because his allegations against Kroll dealt with pure questions of law, he need not have complied with section 14.005's requirements regarding proof of exhaustion of administrative remedies. See Grounds v. Tolar Indep. Sch. Dist., 707 S.W.2d 889 (Tex. 1986). Having found that an independent ground supports the trial court's dismissal, we need not decide whether Perry's contentions are meritorious on that particular issue. See Enriquez, 2010 Tex. App. LEXIS 6810, at *6; see also TEX. R. APP. P. 47.1.

8