**Opinion filed March 12, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00106-CV

_____

## RICKY LEE STROBLE, Appellant

## V.

## PAUL JENNINGS AND ADRIAN CORRELL, Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 022925**

## MEMORANDUM OPINION

Ricky Lee Stroble is in the custody of the State of Texas at the French M. Robertson Unit of the Texas Department of Criminal Justice; he is a convicted sex offender. In his petition, Stroble alleged that on June 1, 2012, Sgt. Paul Jennings and Capt. Adrian Correll, Appellees, were involved in the confiscation of certain legal work, map colors, toenail clippers, and five photo albums, all of which were discovered as a result of a search of his cell. Stroble claims that Sgt. Jennings took the photo albums because Sgt. Jennings did not like the fact that the females in

some of the photos appeared to be underage.[1] Stroble also alleges that Sgt. Jennings "denied [sic] pubicltion [sic] because of sexual altered images. Edited photos with stars or dots over the private parts." Later, most of the legal work, some photos, the map colors, and the toenail clippers were returned to Stroble.

Stroble filed this lawsuit pro se and *in forma pauperis*. In his petition, he apparently sought to have his property returned and also sought relief for trespass to personal property, conversion, theft of personal property, and intentional infliction of emotional distress and mental anguish. He sought "[a]ctual damages of $65.45 to replace photos" as well as other actual damages in an unspecified amount. Stroble also sought damages for mental suffering and emotional distress as well as "exemplary, punitive, and treble damages." As provided for in Chapter 14 of the Texas Civil Practice and Remedies Code, the trial court dismissed the lawsuit without holding a hearing. TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 & Supp. 2014). Stroble appeals; we affirm.

The legislature enacted Chapter 14 specifically to govern *in forma pauperis* inmate proceedings. *See id.* § 14.002. The main purpose of the legislation is to provide trial courts with a mechanism whereby the toll of frivolous inmate litigation on judicial and state resources might be reduced. *Sanders v. Palunsky*, 36 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2001, no pet.). In furtherance of that purpose, the statute provides for dismissal of frivolous inmate

---

[1]The photos and other property alleged to have been confiscated in this case are apparently not the same ones that Stroble alleged were confiscated by other correctional officers on May 29, 2012, and on June 4, 2012. Stroble filed lawsuits in connection with those items also. As it did in this case, the trial court dismissed those lawsuits, and Stroble appealed the dismissals to this court. We have this day affirmed those dismissals. See Appellate Cause Nos. 11-13-00078-CV and 11-13-00166-CV. Stroble has filed two cases in the federal courts, which he alleges to be filed under cause numbers 1-11-CV-108-C and 1-12-CV-055-BL, and one case in justice court. Those cases are unrelated to the cases in our court and appear to be based upon different facts.

lawsuits, even before service is had upon the defendants, if it appears to the trial court that the claim is frivolous or malicious. *See* CIV. PRAC. & REM. § 14.003(a); *Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no writ.).

We review a dismissal order in lawsuits of this nature for an abuse of discretion. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When the trial court does not specify the grounds for dismissal, we will affirm the decision if any theory is meritorious. *See Walker v. Gonzales Cnty. Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi 2000, pet. denied).

Trial courts have broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate, (2) the government bears the cost of an *in forma pauperis* suit, (3) sanctions are not effective, and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).

To determine whether a lawsuit is malicious or frivolous, a court may consider whether (1) the realistic chance of ultimate success is slight, (2) there is no arguable basis for the claim in law or in fact, (3) it is clear that the party cannot prove facts that will support the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate in that the claim arises from the same operative facts. CIV. PRAC. & REM. § 14.003(b). When an inmate claims relief under an indisputably meritless legal theory, the claim has no arguable basis in law. *Leachman v. Dretke*, 261 S.W.3d 297, 304 (Tex. App.—Fort Worth 2008, no pet.). A suit in which the defendants are immune from suit provides an example of such

a meritless legal theory. *Birdo v. Ament*, 814 S.W.2d 808, 809 (Tex. App.—Waco 1991, writ denied).

Stroble appears to have sued Appellees in their individual capacities. Suits against a government employee in his individual capacity are foreclosed if the employee was acting within the scope of his employment. *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). As alleged in his petition, Stroble's claims were based on conduct committed by Appellees within the general scope of their employment and could have been brought against the governmental unit; Stroble has not alleged that Appellees were acting otherwise. *See* CIV. PRAC. & REM. § 101.106(f) (West 2011); *Franka*, 332 S.W.3d 367. Pursuant to Section 101.106(f), such a "suit is considered to be against the employee in the employee's official capacity only." Therefore, we review this case as one against Appellees in their official capacities.

Because a suit against a government employee is, in effect, a suit against the State, sovereign immunity defeats subject-matter jurisdiction unless the State consents to the suit. The Texas Tort Claims Act provides for such a waiver in limited circumstances. The Act provides for waiver of immunity from suit in those instances in which the claimant alleges "personal injury [or] death . . . caused by a condition or use of tangible personal or real property." CIV. PRAC. & REM. § 101.021(2). Stroble has not alleged that he was injured as a result of the condition or use of tangible personal or real property. Furthermore, the Act does not waive immunity for intentional torts. *See id.* § 101.057(2) (Act does not apply to claims "arising out of assault, battery, false imprisonment, *or any other intentional tort*." (emphasis added)); *Tex. State Technical Coll. v. Wehba*, No. 11-05-00287-CV, 2006 WL 572022, at *2 (Tex. App.—Eastland Mar. 9, 2006, no pet.) (mem. op.); *Gen. Elec. Co. v. City of Abilene*, 795 S.W.2d 311, 313 (Tex. App.—Eastland 1990, no writ). Stroble has alleged intentional torts only.

4

Because Appellees are entitled to immunity from suit and because Stroble has not shown that immunity has been waived, there is no arguable basis in law for his claim. We cannot say that the trial court abused its discretion when it dismissed Stroble's lawsuit, and we overrule his issues.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


March 12, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.